**AUTO DAMAGE APPRAISERS, INC., Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, Respondent.**

No. 82CA0316.

Colorado Court of Appeals, Div. III.

March 3, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied July 18, 1983.

Miller & Vogel, Lawrence M. Vogel, Aurora, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Lynn L. Palma, Asst. Atty. Gen., Denver, for respondent.

TURSI, Judge.

Auto Damage Appraisers, Inc. (Auto) seeks review of the final order of the Industrial Commission (Commission) holding that the services performed by certain appraisers (Appraisers) utilized in the business of Auto were covered services pursuant to § 8–70–103(10)(a), C.R.S.1973 (1982 Cum. Supp.) and that, accordingly, Auto was subject to unemployment compensation tax liability. We affirm.

Auto established a working relationship with various appraisers to make estimates or appraisals of damages to motor vehicles for purposes of informing insurance carriers or other owners or interested parties of the dollar amount of damages.

The issue before us is whether the Commission properly interpreted the pertinent statute. Section 8–70–103(10)(a), C.R.S. 1973, from January 1, 1972, through October 1, 1976, read as follows:

"[S]ervice performed by an individual for another shall be deemed to be employ-

ment irrespective of whether the common-law relationship of master and servant exists, unless and until it is shown to the satisfaction of the Division that:

(I) Such individual is free from control and direction in the performance of the service, both under his contract for the performance of service and in fact; and

(II) The service is performed either outside the usual course of the business of the employing unit for which the service is performed or is performed outside of all the places of business of the employing unit for which the service is performed; and

(III) Such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed."

Effective October 1, 1976, the subparagraph numbered (II) above, was repealed by the General Assembly. Subparagraphs (I) and (III) have remained unchanged.

Both parties concede that prior to the 1972 enactment, *Dumont v. Teets,* 128 Colo. 395, 262 P.2d 734 (1953) with its common law application of the doctrine of independent contractor applied and therefore no tax liability accrued against Auto. We agree.

As to the period since 1972, Auto argues that Appraisers do not fall within the definition of employment as contained in the statute, because their contracts provide that Appraisers may refuse assignments and may take other employment. We disagree.

The Commission found that although Auto retained no right of control over the performance of Appraisers, the services performed were within the usual course of Auto's business and none of the appraiser was customarily engaged in an independent trade, occupation, profession, or business related to the services performed.

██ There is substantial evidence in the record to support the factual determinations of the Commission, and thus, they are binding upon the court. *Denver Symphony Ass'n v. Industrial Commission,* 34 Colo. App. 343, 526 P.2d 685 (1974).

The Commission concluded that the purpose of the statute was to negate an exception to coverage by use of the independent contractor as defined at common law, and further, that an employer may not circumvent the intended protection afforded by the act by means of a contract that would place in jeopardy the security of employees who, as in the case here, received substantially all of their compensation through the services rendered to the employer.

██ The statutes on unemployment compensation must be liberally construed to effectuate the purpose for which they were passed. *Industrial Commission v. Sirokman,* 134 Colo. 481, 306 P.2d 669 (1957). And, in cases involving statutory construction, that construction given a statute by the administrative body charged with its enforcement is entitled to great deference by the reviewing court. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

Based on the history and language of the statute, we are persuaded by the reasoning of the Commission, and therefore, the order is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.