**DIAMOND CIRCLE CORPORATION, Petitioner,**

v.

**Kent P. BLOCHER, and Industrial Commission of the State of Colorado, Respondents.**

**No. 84CA0447.**

Colorado Court of Appeals,
Div. III.

Nov. 15, 1984.

Hill & Corrigan, P.C., Sanford E. Lee, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent Kent P. Blocher.

METZGER, Judge.

Diamond Circle Corporation (employer) seeks review of the final order of the Industrial Commission which held it liable to pay unemployment compensation for Kent Blocher. Diamond Circle contends that Blocher was an independent contractor, not an employee, and that the Commission's order was erroneous as a matter of law. We affirm.

The employer operates a theater housed in a hotel complex in Durango, Colorado. During each play season, which normally runs for thirteen weeks during the sum-

mer, the employer hires actors to perform plays and vaudeville acts.

The relationship between the employer and the actors was set forth in an agreement which provided that the "actor is engaged in an independent trade and profession" and is "engaged under the terms of this agreement as an independent contractor to act and perform in plays, olio and vaudeville acts at the Diamond Circle Theatre ...." The agreement further required that an actor must obtain the employer's permission before accepting any work outside of the theater complex.

The agreement provided that the length of the play season was to be determined by the employer and that the employer reserved the right to cancel the play season at an earlier date than originally set forth, and to terminate the agreement. It further provided that the actors were to be paid a "lump sum" over a period of thirteen weeks plus a bonus payable if they finished the season.

The director of the theater hired actors based on their performance at auditions and not through any actors' agents. The director testified that his duties included scheduling rehearsals and performance times, and that he refused to permit actors to work outside the theater during the four-week rehearsal period.

Kent Blocher, one of the actors, testified that he, as well as most of the other actors, worked serving drinks and bartending for the hotel in the complex, but that he sought and obtained the employer's permission before accepting such additional work. Blocher also testified that the director had ultimate control over the actors' performances.

The hearing officer held that the employer was liable for unemployment taxes because the employer failed to prove that the "actor is not free from control in the performance of the service and is not free to pursue his or her own individual profession while associated with this [employer]." The hearing officer concluded that under the provisions of § 8–70–103(10), C.R.S. (1983 Cum.Supp.), "all workers who perform services as actors for this [employer] are in covered employment ...." The Commission adopted the findings and conclusions of the hearing officer.

The determination whether one is acting for the benefit or under the control of another is one of fact for the Commission. *Weld County Kirby Co. v. Industrial Commission,* 676 P.2d 1253 (Colo.App. 1983). While the employment contract is "adroitly framed to suggest a different relation" than employer/employee, *see Glielmi v. Netherland Dairy Co., Inc.,* 254 N.Y. 60, 171 N.E. 906 (1930), and states that the actors are to be considered as independent contractors, that fact alone is not dispositive. As our supreme court stated in *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* 103 Colo. 550, 88 P.2d 560 (1939), "we are concerned primarily with what is done under the [employment] contract and not with what the contract says."

Here, there is substantial evidence to support the determination of the Commission that the actors were employees rather than independent contractors, and that determination is binding on review. *Auto Damage Appraisers, Inc. v. Industrial Commission,* 666 P.2d 1113 (Colo.App. 1983). Furthermore, contrary to employer's contention, the Commission's determinations are fully supported by the law. *See Weld County Kirby v. Industrial Commission, supra; Auto Damage Appraisers, Inc. v. Industrial Commission, supra.*

Order affirmed.

BERMAN and BABCOCK, JJ., concur.