INSUL–LITE WINDOW & DOOR
MANUFACTURING, INC.,
Petitioner,

v.

The INDUSTRIAL COMMISSION of the
State of Colorado and the Division of
Employment and Training, Respondents.

No. 85CA1216.

Colorado Court of Appeals,
Div. III.

May 1, 1986.

Ordered Published July 3, 1986.

Kofoed & Larson, P.C., David P. Kozma,
Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Aurora Ruiz-Hernandez,
Asst. Atty. Gen., Denver, for respondents.

BABCOCK, Judge.

Insul-Lite Window and Door Manufacturing, Inc., (Insul-Lite) seeks review of a final order of the Industrial Commission which held it liable to pay unemployment compensation taxes as the employer of its installers. We affirm.

The claimant, Matthew J. Brainard, and his co-workers were employed as solar heating system installers by Insul-Lite. In January 1983, each solar installer, as a condition of continuing to work for Insul-Lite, was required to sign a subcontractor agreement which purported to create an independent contractor relationship between the installer and Insul-Lite.

The Commission found that the claimant and his named co-workers performed services for Insul-Lite, that the individuals were not free from the direction and control of Insul-Lite, and that the individuals were not customarily engaged in independent businesses of a similar nature to that of Insul-Lite. The Commission concluded that, pursuant to § 8–70–103(10)(a), C.R.S. (1985 Cum.Supp.), the individuals were in covered employment and that Insul-Lite, therefore, was liable to pay unemployment compensation taxes.

On appeal, Insul-Lite first contends that there was insufficient evidence to support the finding that the individuals remained under its direction and control. We disagree.

Even though a contract, as here, may be framed to suggest the existence of an independent contractor and not an employer-employee relationship, that fact alone is not dispositive of the nature of the relationship. See Diamond Circle Corp. v. Blocher, 691 P.2d 769 (Colo.App.1984). The primary concern is with what is done under the contract, and not what it says. Industrial Commission v. Northwestern Mutual Life Insurance Co., 103 Colo. 550, 88 P.2d 560 (1939).

Here, the following evidence supports the Commission's finding that Insul-Lite retained the power of direction and control: The installers were required to report daily to receive assignments, which were performed under contracts, plans, specifications, licenses, and permits supplied by the employer; jobs had to be completed to the satisfaction of Insul-Lite, who had the right to inspect the work and require revisions at any time; the installers were required to collect payment on their jobs before receiving further work, and were paid pursuant to a payment schedule established by Insul-Lite; and Insul-Lite could terminate or alter the contract at any time.

Based on the foregoing, we conclude that there was substantial evidence in the record to support the factual determinations of the Commission, and thus, they are binding on review. Auto Damage Appraisers, Inc. v. Industrial Commission, 666 P.2d 1113 (Colo.App.1983).

Insul-Lite next asserts that under federal case law interpreting the definition of employment found in the Federal Unemployment Tax Act and the Federal Insurance Contributions Act, we should find these workers to be independent contractors. However, we are not bound by federal law here because the language of § 8–70–103(10)(a), C.R.S., has been interpreted to include a broader concept of employment than the common law doctrine embodied in federal law. Wagner & Sons Construction, Inc. v. Pagels, 720 P.2d 987 (Colo.App.1986).

Insul-Lite also contends that there was insufficient competent evidence to support the finding that the claimant's co-workers were under covered employment. Specifically, Insul-Lite argues that the finding was supported only by hearsay evidence. Again, we disagree.

Although hearsay evidence alone cannot serve as the basis for a determination by the Commission, it is competent evidence in an unemployment hearing and may support an award if corroborated by other evidence. See Allen v. Industrial Commission, 36 Colo.App. 330, 540 P.2d 358 (1975); Olivas v. Industrial Commission, 33 Colo.App. 78, 515 P.2d 110 (1973).

■ Here, the hearsay evidence of telephone conversations with some installers was corroborated by substantial direct evidence at the hearing, including the testimony of other installers and of an unemployment liability division representative. Accordingly, there was sufficient evidence to support the finding of the Commission, and it will not be disturbed on review. *Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981).

Order affirmed.

KELLY and TURSI, JJ., concur.