**METRO DENVER MAINTENANCE CLEANING, INC., Petitioner,**

v.

**COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT, INDUSTRIAL CLAIM APPEALS OFFICE, DIVISION OF EMPLOYMENT AND TRAINING, Respondent.**

No. 86CA1605.

Colorado Court of Appeals, Div. III.

April 9, 1987.

Terry Tomsick, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent.

CRISWELL, Judge.

Petitioner, Metro Denver Maintenance Cleaning, Inc. (Metro), seeks review of a final order of the Industrial Claim Appeals Panel which held Metro liable to pay unemployment compensation taxes as the employer of janitorial maintenance workers. We affirm.

Metro provides maintenance services for commercial buildings, under contracts with the building managers. The workers who actually perform the maintenance services enter into contracts with Metro purporting to create independent contractor or subcontractor relationships.

The Industrial Claim Appeals Panel concluded that the workers are in covered employment with Metro, and that Metro is liable for unemployment compensation taxes under § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B). On review, Metro contends the panel erred in reaching this conclusion. We disagree.

■ The determination whether a worker is covered by the Colorado Employment Security Act, § 8–70–101 et seq., C.R.S. (1986 Repl.Vol. 3B), involves underlying questions of fact for the Panel. *Allen Co. v. Industrial Commission*, 735 P.2d 889 (Colo.App.1986); *Diamond Circle Corp. v. Blocher*, 691 P.2d 769 (Colo.App.1984). Workers are deemed covered unless they are free from control and direction in their work and are also engaged in an independent, but related, trade or business.

Whether a common-law employer-employee relationship exists is not determinative of this coverage question. Section 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B). Likewise, contract language asserting that the worker is an independent contractor is not dispositive of this issue. *Insul-Lite*

*Window & Door Mfg., Inc. v. Industrial Commission*, 723 P.2d 151 (Colo.App.1986).

Metro relies on decisions rendered by the National Labor Relations Board under the National Labor Relations Act, as amended, 29 U.S.C. §§ 151–169, to support its assertion that those workers involved our independent contractors. Those decisions are inapposite to any interpretation of the Colorado statute.

Unlike the Colorado statute, the National Labor Relations Act adopts the common-law definition of employment so that, absent a common-law employer-employee relationship, this federal statute does not apply. 29 U.S.C. § 152(3); *NLRB v. United Insurance Co.*, 390 U.S. 254, 88 S.Ct. 988, 19 L.Ed.2d 1083 (1968). In contrast, the Colorado statute expressly provides that the coverage question must be determined "irrespective of whether the common-law relationship of master and servant exists." Section 8–70–103(10)(a), C.R.S. (1986 Repl. Vol. 3B).

■ Here, there was substantial evidence of Metro's control and direction of the workers. That evidence established that Metro trains and supervises the workers, provides detailed job specifications, and reviews complaints with them. Metro provides the necessary cleaning equipment and supplies. The workers receive monthly pay, based on a fairly standard rate per building floor to be cleaned, as well as vacation pay and insurance benefits. There was no evidence that the workers engage in an independent trade or business.

Because the Panel's decision is supported by substantial evidence, it will not be set aside on review. *Weld County Kirby Co. v. Industrial Commission*, 676 P.2d 1253 (Colo.App.1983).

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.