**THREADWORKS, INC., and Down Sports, Petitioners,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Jackie Sierminski, Respondents.**

**No. 86CA0146.**

Colorado Court of Appeals, Div. III.

Nov. 26, 1986.

Rehearing Denied Dec. 24, 1986.

Certiorari Granted (Commission) April 27, 1987.

Lirtzman & Nehls, P.C., Joan M. Norman, Boulder, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent Sierminski.

Jere W. Glover, Washington, D.C., for amicus curiae Nat. Small Business Ass'n.

VAN CISE, Judge.

Threadworks, Inc., and Down Sports (the firm) seek review of a final order of the Industrial Commission which held them liable to pay unemployment compensation taxes for Jackie Sierminski and others similarly situated (the sewers). We set aside the order.

Down Sports was the predecessor of Threadworks, Inc., and both entities manufactured articles such as camera bags, backpacks, and clothing. Because the firm has limited space, much assembly work is performed by home sewers.

The firm provides the raw materials, such as fabric, thread, zippers, and hardware, that go into the finished product. The sewers furnish their own equipment, including sewing machines, at an investment of $500 to $10,000. They are responsible for repair and maintenance of their equipment, pay for their own utilities, and provide their own work spaces.

The sewers' products must meet quality standards established by the firm. However, the way standards are met and finished products are sewn is left to the sewers.

Sewers are paid on a piece-rate basis, with the rate being negotiable. Sewers are paid only for finished products that meet the quality standards. If an item does not meet the standard, the sewer must re-sew it correctly to be paid. Sewers work at their own pace, setting their own working

days and hours. They may hire assistants to help them with their work. There is no day-to-day supervision of the work. The firm is concerned only with the finished product, which the sewer must return within a reasonable time after receiving the raw materials.

Sewers are paid as they bring in the finished product. Taxes or social security are not withheld from their checks. They are not entitled to sick leave or insurance benefits from the firm. The working relationship exists on a job-to-job basis and may be terminated at the will of either party. While working for this firm, they are not restricted from working for others, which some sewers do.

Both the firm and the sewers maintain that they are independent contractors, and a written agreement between the parties refers to the sewers as self-employed contractors. For tax purposes, both parties have treated the sewers as self-employed.

The referee found that the firm did not act to control the sewers and that the sewers were free to and did engage in home sewing work for other companies. The referee concluded that the sewers were not participating in covered employment.

The Division of Employment filed for review, and the Industrial Commission reversed "for error in the application of the law to the facts." The Commission determined that under § 8–70–103(10)(a)(I), C.R.S. (1986 Repl. Vol. 3B), the firm must show that the sewers are free from the firm's control and direction in the performance of their services before it may be established that the service is not covered employment. It concluded that the sewers were not free from the control and direction of the firm because the firm had certain quality controls and the power to terminate the working relationship at will without liability.

■ On review, the firm contends that the Commission's order is contrary to the evidence and that the Commission interpreted *"free* from control" too literally, making the order erroneous as a matter of law. We agree.

Whether one is acting under the control of another is a fact question. *Diamond Circle Corp. v. Blocher,* 691 P.2d 769 (Colo.App.1984).

Here, there was no evidence of control other than certain quality controls and the power to terminate the working relationship by either party. The contract between the sewers and the firm does not contain any provisions as to the manner, method, time, or place of job performance. The contract provision concerning quality control falls far short of the stringent job performance requirements at issue in *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* 103 Colo. 550, 88 P.2d 560 (1939), and *Weld County Kirby Co. v. Industrial Commission,* 676 P.2d 1253 (Colo.App.1983), and does not evidence a right to control the home sewers. *See Rent-a-Mom, Inc. v. Industrial Commission,* 727 P.2d 403 (Colo.App.1986). Hence, the sewers did meet the free-from-control condition of the statute, and the Commission finding to the contrary is not sustainable on the evidence presented.

■ Section 8–70–103(10)(a)(III), C.R.S. (1986 Repl. Vol. 3B) also requires that the firm show that the sewers are customarily engaged in the trade or business of providing home sewing independent of whatever connection they may have with the firm. This showing was made through the testimony of several sewers that they performed the same services for other companies at the time they were providing home sewing for the firm. *See Rent-a-Mom, Inc. v. Industrial Commission, supra.* Hence, all criteria were met to demonstrate that the sewers were not within the statutory definition of covered employment.

We decline to follow *Allen Co., Inc. v. Industrial Commission,* 735 P.2d 889 (Colo.App.1986), decided differently on similar facts by another division of this court this same day.

The order is set aside, and the cause is remanded to the Industrial Claim Appeals Office for entry of an order that the firm is not obligated to pay unemployment taxes for its home sewers.

METZGER, J., concurs.

BABCOCK, J., dissents.

BABCOCK, Judge, dissenting.

I respectfully dissent.

The determination whether an exemption from unemployment taxes under the statute has been demonstrated is a question of fact which cannot be set aside unless there is no substantial evidence to support it. *Rent-A-Mom, Inc. v. Industrial Commission,* 727 P.2d 403 (Colo.App.1986); *Allen Co. v. Industrial Commission,* 735 P.2d 889 (Colo.App.1986). In my view, there was substantial evidence before the Commission from which it, as the ultimate factfinder in this matter, could determine that the sewers were not free from the control and direction of the firm. *See Allen Co. v. Industrial Commission, supra.* Thus, the final order of the Commission which held the firm liable to pay the unemployment compensation taxes should be affirmed.