### The ALLEN COMPANY, INC., Petitioner,

v.

### The INDUSTRIAL COMMISSION OF the STATE of Colorado and Carol Mantle, Respondents.

No. 86CA0186.

Colorado Court of Appeals, Div. I.

Nov. 26, 1986.

Rehearing Denied Dec. 24, 1986.

Certiorari Granted (Allen Company) April 27, 1987.

Damas and Smith, P.C., Daniel J. Collyar, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Mary Ann Whiteside, First Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No appearance for respondent Carol Mantle.

PIERCE, Judge.

Petitioner, the Allen Company, Inc., seeks review of a final order of the Industrial Commission which held it liable to pay unemployment compensation taxes for the benefit of Carol Mantle (claimant) and oth-

ers similarly situated. We affirm the order.

Petitioner is engaged in manufacturing various sporting goods articles, including gun cases and archery gloves, which it then sells to retail companies. Much of the work assembling the articles is performed by home sewers such as claimant. Petitioner provides the pre-cut materials and thread for the home sewers; however, they must use their own sewing machines and equipment in sewing the articles. Petitioner also provides a model of the article to be sewn, and the home sewers' completed article must meet quality standards established by petitioner.

The home sewers are paid by petitioner on a piecework basis at a rate established by petitioner, although the rate may be subject to negotiation. After paying the home sewer, petitioner inspects the articles and returns unacceptable items to the sewers, who then correct mistakes at their own expense. However, it appears that the petitioner accepts the loss for any work product completely ruined by the sewers.

There was testimony that the petitioner prepared W–2 forms for some of the home sewers, that the materials sewn by the home sewers were cut at the petitioner's factory then given to the worker, that when the sewers picked up the materials they had to sew the product according to the specifications given them by the petitioner, that either party could terminate the work agreement with the other party without incurring liability, and finally that the work product was either stockpiled or sold under the petitioner's business name. There was also testimony that petitioner inspected the work of the sewers upon its return for neatness and correctness, and that the piecework rate to be paid was determined solely by the petitioner.

Claimant testified that she reported herself as self-employed for income tax purposes, had nothing deducted from her check by petitioner, and received no fringe benefits from petitioner. She further stated that she performed home sewing for other companies and that she advertised by listing her name on a bulletin board at a sewing machine company in Denver, although this latter statement was rebutted by another witness.

In the case before us, the Commission relied on *Industrial Commission v. Northwestern Mutual Life Insurance Co.*, 103 Colo. 550, 88 P.2d 560 (1939) and *Weld County Kirby Co. v. Industrial Commission*, 676 P.2d 1253 (Colo.App.1983). It found that petitioner had the right to terminate the home sewers, and that home sewers "are paid by the employer on a piecework rate that is generally established by the employer to perform specified services on material that is provided by the employer, subject to quality standards established by the employer." It concluded that these facts evidenced petitioner's right to control, as defined in § 8–70–103(10)(a)(I), C.R.S. (1986 Repl.Vol. 3B).

It also concluded that petitioner had failed to establish that the home sewers were customarily engaged in an independent trade, occupation, profession, or business related to the service performed, as required by § 8–70–103(10)(a)(III), C.R.S. (1986 Repl.Vol. 3B). However, we need not discuss this finding because we determine that the element of control is the paramount consideration here. *Weld County Kirby Co. v. Industrial Commission, supra.* Further, in *Auto Damage Appraisers v. Industrial Commission*, 666 P.2d 1113 (Colo.App.1983), in discussing a similar argument by an employer, it was noted that the exemption in § 8–70–103(10)(a)(II), C.R.S., which read:

"The service is performed either outside the usual course of the business of the employing unit for which the service is performed or is performed outside of all the places of business of the employing unit for which the service is performed;"

had been repealed in 1976.

The issue here is whether there was substantial evidence before it from which the Commission could conclude that the requisite statutory control was in the petitioner.

We have stated that, in unemployment compensation cases, "substantial evidence is that which is probative, credible, and competent, of a character which would war-

rant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Industrial Commission,* 566 P.2d 372 (Colo.App.1977). Whether one is acting under the control of another is a question of fact to be determined by the Commission. Its determination cannot be set aside unless there is no substantial evidence to support the determination. *Rent-A-Mom, Inc. v. Industrial Commission,* 727 P.2d 403 (Colo.App.1986); *Diamond Circle Corp. v. Blocher,* 691 P.2d 769 (Colo.App.1984).

There was substantial evidence before the Commission from which it could rationally conclude that control existed here. These facts are sufficient to establish the basis for the Commission's determination that petitioner had the right of control as defined in § 8–70–103(10)(a)(I), C.R.S. Thus, because there was substantial evidence before the Commission, the ultimate finder of fact in unemployment compensation matters, to serve as a basis for its factual determination, we are bound by its conclusion. *See* § 8–74–104, C.R.S.; *Samsonite Corp. v. Industrial Commission,* 665 P.2d 1037 (Colo.App.1983).

We are aware of *Threadwork, Inc. v. Industrial Commission,* 735 P.2d 886 (Colo.App.1986), issued this date which reaches the opposite conclusion on almost identical facts. We do not choose to follow that case.

Order affirmed.

STERNBERG and TURSI, JJ., concur.