**ALLSTATE PRODUCTS CO., INC., Petitioner,**

v.

**COLORADO DEPARTMENT OF LABOR AND EMPLOYMENT, the Industrial Claim Appeals Office of the State of Colorado, and Division of Employment and Training, Respondents.**

**No. 89CA0581.**

Colorado Court of Appeals, Div. II.

Oct. 12, 1989.

Lawrence J. Green, Littleton, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Karen E. Leather, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge SMITH.

Allstate Products Co., Inc., (Allstate) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held that the services performed by certain installers utilized in the business of Allstate were covered services pursuant to § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) and that, accordingly, Allstate was subject to unemployment compensation tax liability. We affirm.

## I.

On review, Allstate contends that § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) is void because it does not contain adequate legislative standards and because its provisions contain an unconstitutional delegation of legislative power to the Division of Employment and Training (Division). We disagree.

A statute is presumed to be constitutional, and the party challenging the statute bears the heavy burden of proving it to be unconstitutional beyond a reasonable doubt. *Weitzel Redi–Mix, Inc. v. Industrial Commission,* 728 P.2d 364 (Colo.App. 1986).

Also, the issues of vagueness and improper delegation are interrelated and are considered as aspects of the same question. *Colorado River Water Conservation District v. Colorado Water Conservation Board,* 197 Colo. 469, 594 P.2d 570 (1979).

Here, Allstate asserts two arguments in support of its contention that § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) is unconstitutional. First it argues that the term "customarily engaged in" is unconstitutionally vague because it is not defined in the statute or any regulations. Second, it asserts that the phrase "unless and until it is shown to the satisfaction of the division" grants the Division unbridled discretion to define the meaning of § 8–70–103(10)(a)(I) and (III), C.R.S. (1986 Repl.Vol. 3B). Therefore, it concludes that the General Assembly has impermissibly

delegated authority to the Division to define what constitutes covered employment. We disagree with both arguments.

## A.

A statute is unconstitutionally vague if it does not provide a fair warning of the prohibited conduct or if its standards are so ill-defined as to create a danger of arbitrary or capricious enforcement. *Kibler v. State,* 718 P.2d 531 (Colo.1986). However, due process of law requires neither scientific nor mathematical exactitude in legislative draftsmanship. *Sellon v. Manitou Springs,* 745 P.2d 229 (Colo.1987). Rather, the statutory language must strike a balance between two concerns: it must be sufficiently specific to give fair warning of the prohibited conduct, but also must be sufficiently general to address the problem under varied circumstances and during changing times, as is the case here. *Kibler v. State, supra.*

If a statute is asserted to be unconstitutionally vague, a court has a duty to avoid invalidating the statute on such basis if a reasonable and practical construction can be given to its language. *R & F Enterprises, Inc. v. Board of County Commissioners,* 199 Colo. 137, 606 P.2d 64 (1980).

In so doing, the court must read and consider a challenged statute as a whole to ascertain the legislative intent and give it effect. *See Bauer v. Southwest Denver Mental Health Center, Inc.,* 701 P.2d 114 (Colo.App.1985). Additionally, in the absence of a specific definition by the governmental authority promulgating the challenged term, the words and phrases used are to be construed according to their generally accepted meaning. *Gonzales v. Industrial Commission,* 740 P.2d 999 (Colo. 1987).

Here, we are satisfied that the term "customarily engaged in" is sufficiently specific to withstand a constitutional vagueness challenge. "Customarily" has been defined as "usually, habitually, according to the customs; general practice or usual order of things; regularly." *Black's Law Dictionary* 347 (rev. 5th ed. 1979). Custom means "a usual practice; habit."

*Webster's New World Dictionary* 154 (1979). Similar meanings have been used by this court and our supreme court in construing language under the unemployment act. *See Dellacroce v. Industrial Commission,* 111 Colo. 129, 138 P.2d 280 (1943); *Locke v. Longacre,* 772 P.2d 685 (Colo.App.1989).

In general, the policy of the Colorado Employment Security Act (Act) is to provide some protection and economic security to those persons who are unemployed through no fault of their own. Section 8-70-102, C.R.S. (1986 Repl.Vol. 3B). Given the broad remedial purpose of the Act, one of the purposes of § 8-70-103(10)(a), C.R.S. (1986 Repl.Vol. 3B) is to narrow those situations in which employers may claim an exception to coverage under the Act by arguing that the individuals who work for them are independent contractors, even though the individuals may receive substantially all their compensation through services to that one employer. *See Auto Damage Appraisers, Inc. v. Industrial Commission,* 666 P.2d 1113 (Colo. App.1983).

■ When the phrase "customarily engaged in" is viewed in light of the context and policies of the Act as a whole and in light of its ordinary meaning, we conclude that it provides adequate notice of the conduct required by § 8-70-103(10)(a)(III), C.R.S. (1986 Repl.Vol. 3B) and is not so ill-defined as to create a danger of arbitrary or capricious enforcement. Accordingly, we conclude that Allstate has failed to sustain its burden of proving that the phrase is vague beyond a reasonable doubt. *See Kibler v. State, supra.*

In so concluding, we note Allstate's misplaced reliance on *Allen Co. v. Industrial Commission,* 735 P.2d 889 (Colo.App.1986) and *Threadworks, Inc. v. Industrial Commission,* 735 P.2d 886 (Colo.App.1986). These cases were decided pursuant to § 8-70-103(10)(a)(I), C.R.S. (1986 Repl.Vol. 3B), not § 8-70-103(10)(a)(III), C.R.S. (1986 Repl.Vol. 3B), the subsection applicable here. Furthermore, the supreme court resolved the different conclusions in those

cases in *Allen Co. v. Industrial Commission,* 762 P.2d 677 (Colo.1988).

Since we are satisfied that the statutory language alone withstands any constitutional vagueness challenge, we reject Allstate's argument that the term "customarily engaged in" is vague because it has not been defined in any regulations. *See Kibler v. State, supra.*

### B.

We also conclude that § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) does not impermissibly delegate authority to the Division to define what is covered employment.

A legislative body may not delegate the power to make a law or define a law, but it may delegate the power to determine some fact or state of things to effectuate the purpose of the law. *See Swisher v. Brown,* 157 Colo. 378, 402 P.2d 621 (1965).

It is not necessary that the General Assembly supply a specific formula for the guidance of the administrative agency in a field in which flexibility and adaption of the legislative policy to infinitely variable conditions constitutes the essence of the program. The modern tendency is to permit liberal grants of discretion to administrative agencies to facilitate the administration of laws dealing with involved economic and governmental conditions. *Swisher v. Brown, supra; see Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 570 P.2d 518 (1977).

Legislative delegation of power to an administrative agency is valid if the General Assembly has provided sufficient standards to guide the agency's exercise of that power. *Colorado River Water Conservation District v. Colorado Water Conservation Board, supra.*

Upon reviewing the statutory scheme at issue here, we conclude that the General Assembly has not impermissibly delegated any authority. It has described what job must be done, who must do it, and the scope of the delegated authority. *See Swisher v. Brown, supra.*

It has delegated the job of determining whether covered employment exists in any particular fact situation, in the first instance, to the division, with a right of judicial review to follow that initial determination.

Further, the General Assembly has defined the scope of the Division's authority. In § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B), it created a presumption of employment except when the two conditions set forth in subsections I and III are met. Consequently, the Division must find covered employment unless the putative employer proves the existence of the two conditions to the satisfaction of the Division. We are satisfied that the two conditions set forth in subsections I and III provide adequate standards for the Division to use in determining whether covered employment exists and also guide and confine the Division's use of the discretion granted to it in making this determination. *See Asphalt Paving Co. v. Board of County Commissioners,* 162 Colo. 254, 425 P.2d 289.

Moreover, the General Assembly provided further checks against any abuse of the discretion granted the Division by providing for a hearing, *see* § 8–74–103, C.R.S. (1986 Repl.Vol. 3B), and a right to administrative and judicial review. *See* §§ 8–74–104 and 8–74–107, C.R.S. (1986 Repl.Vol. 3B); *Elizondo v. Motor Vehicle Division, supra.*

■ We therefore are convinced that the overall statutory scheme provides sufficient standards to guide its application and contains adequate safeguards against administrative abuse. *See Elizondo v. Motor Vehicle Division, supra.* Hence, § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) is not void either because it is vague or because it contains an improper delegation of legislative authority.

### II.

■ We also reject employer's contention that there is insufficient evidentiary support for the finding that the installers were "customarily engaged in an independent trade, occupation, profession or business related to the service performed." We agree with the Panel that although

there is some evidence that one installer had previously performed similar services for other companies, there is also evidence that he performed services for Allstate on a regular basis after he was hired in 1986. We also agree that the record supports the conclusion that Allstate did not establish that one installer or any of the other installers were customarily engaged in an independent trade, occupation, profession or business. Consequently, we will not disturb the panel's holding that the services performed by these installers constituted covered employment. *See Auto Damage Appraisers, Inc. v. Industrial Commission, supra.*

Order affirmed.

PLANK and HUME, JJ., concur.