23CA2153 Disability Examination v ICAO 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2153 Industrial Claim Appeals Office of the State of Colorado DD No. 70279-2021 Disability Examination Services, LLC, Petitioner, v. Industrial Claim Appeals Office of the State of Colorado and the Division of Unemployment Insurance Employer Services – Integrity/Employer Audits, Respondents. ORDER AFFIRMED Division VI Opinion by JUDGE SCHUTZ Lipinsky and Graham*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Miller & Urtz, LLC, Paul G. Urtz, Denver, Colorado, for Petitioner Philip J. Weiser, Attorney General, Krista Maher, Senior Assistant Attorney General, Thomas Julian Archer, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office No Appearance for Respondent Division of Unemployment Insurance Employer Services – Integrity/Employer Audits *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 In this unemployment compensation tax liability case, Disability Examination Services, LLC (DES) appeals a final order of the Industrial Claim Appeals Office (the Panel) concluding that DES should have classified its workers as employees rather than as independent contractors under section 8-70-115, C.R.S. 2023. We affirm the Panel’s order. I. Background ¶ 2 DES contracts with physicians, medical assistants, technicians, and office assistants to facilitate examinations of Social Security Disability Insurance (SSDI) claimants. DES in turn contracts with the state agency that administers the SSDI program in Colorado, Disability Determination Services (DDS). DES operates in several locations around Colorado using leased office space, recruits physicians and support staff to conduct exams, and receives a flat fee from DDS for each exam. Each of DES’s workers signs a contract with DES containing language purporting to establish an independent contractor relationship. ¶ 3 The Colorado Department of Labor and Employment, Division of Unemployment Insurance (Division), audited DES for the years 2018 to 2020. After reviewing DES’s contracts and questionnaires 
2 completed by DES workers, the Division determined that ninety-
nine of the workers should have been classified as employees rather than as independent contractors. As a result, the Division concluded that DES owed the Division unemployment insurance premiums for the ninety-nine workers. ¶ 4 DES appealed the Division’s determination, and a hearing officer conducted hearings over five days. Dr. William Qutub, DES’s founder, testified for DES, and auditor Juley Allee testified for the Division. Three former DES administrative employees also testified.
1 After hearing the witnesses’ testimony and reviewing over 1,200 pages of documents admitted into evidence, the hearing officer determined that the contracts between DES and the workers did not create a rebuttable presumption that the workers were independent contractors because the contracts did not satisfy the applicable factors set forth in sections 8-70-115(1)(c) and 8-70-
115(2). Specifically, he found that the contracts allowed DES to terminate the contracts for any reason, at any time, without 1 These employees included Linda Cornell, a billing specialist, who the hearing officer ultimately determined was an independent contractor. No party contests that determination in this appeal. 
3 penalty, and thereby controlled the way the workers performed the services. He also determined that the individual worker, rather than a business entity run by the worker, was the most likely recipient of DES’s payments. He further noted that DES’s contracts with the physicians included a noncompete clause. Finally, the hearing officer found that the contracts failed to include the disclosure language specified in section 8-70-115(2). ¶ 5 Because the contracts did not establish the necessary provisions to create a rebuttable presumption that the workers were independent contractors, it was DES’s burden to prove that the workers were free from DES’s control and direction, and that the workers customarily engaged in an independent trade, occupation, profession, or business related to the services they provided to DES. § 8-70-115(1)(b); see also Indus. Claim Appeals Off. v. Softrock Geological Servs., Inc., 2014 CO 30, ¶ 1. The hearing officer concluded that DES did not meet that burden. ¶ 6 On appeal, the Panel affirmed. The Panel agreed with the hearing officer that the contracts did not create a rebuttable presumption of independent contractor status. The Panel also concluded that DES had not met its burden to show that the 
4 workers were free from its direction and control. Additionally, the Panel determined that the workers were not customarily engaged in an independent trade, occupation, profession, or business related to the services performed. The Panel therefore affirmed the hearing officer’s determination that the workers were employees. II. Analysis A. Standard of Review ¶ 7 As relevant here, we may set aside the Panel’s decision only if the findings of fact do not support the decision or the decision is erroneous as a matter of law. See § 8-74-107(6)(c)-(d), C.R.S. 2023. We review de novo the Panel’s legal conclusions, including its interpretation of a statute. See Cath. Health Initiatives Colo. v. Indus. Claim Appeals Off., 2021 COA 48, ¶ 14. Although our review is de novo, “we generally accept an agency’s statutory interpretation if it has been charged with the statute’s administration and the interpretation has a reasonable basis in the law, and is warranted by the record.” Table Servs., Ltd. v. Hickenlooper, 257 P.3d 1210, 1217 (Colo. App. 2010). ¶ 8 We may not disturb a hearing officer’s factual findings if they are “supported by substantial evidence or reasonable inferences 
5 drawn from that evidence.” Yotes, Inc. v. Indus. Claim Appeals Off., 2013 COA 124, ¶ 10; see also § 8-74-107(4) (a hearing officer’s factual findings are conclusive when they are supported by substantial evidence). B. Applicable Law ¶ 9 The Colorado Employment Security Act (CESA), codified at sections 8-70-101 through 8-82-105, C.R.S. 2023, establishes an unemployment insurance fund financed by employer-paid taxes or premiums. Colo. Div. of Emp. & Training v. Accord Hum. Res., Inc., 2012 CO 15, ¶ 10. Under CESA, the Division collects taxes from employers for payment into the fund and pays benefits to eligible unemployed individuals. Id. An employer must pay unemployment taxes on wages paid to employees but not on compensation paid to independent contractors. Softrock, ¶ 1. ¶ 10 Section 8-70-115(1)(b) specifies that services performed by an individual for another shall be deemed covered employment for CESA purposes unless the putative employer shows “to the satisfaction of the [D]ivision” that the individual (1) is “free from control and direction in the performance of the service, both under his contract for the performance of service and in fact”; and (2) is 
6 “customarily engaged in an independent trade, occupation, profession, or business related to the service performed.” The putative employer bears the burden of proving that both conditions exist to rebut the presumption of an employment relationship between the parties. Visible Voices, Inc. v. Indus. Claim Appeals Off., 2014 COA 63, ¶ 11. ¶ 11 The putative employer may show that “such individual is engaged in an independent trade, occupation, profession, or business and is free from control and direction in the performance of the service” in one of two ways. § 8-70-115(1)(c). It “may . . . show by a preponderance of the evidence that the conditions set forth in paragraph (b) of . . . subsection (1) have been satisfied.” Id. Alternatively, it “may demonstrate in a written document, signed by both parties, that the person for whom services are performed” does not take any of the nine actions specified in section 8-70-115(1)(c)(I) through (IX). § 8-70-115(1)(c). ¶ 12 A written document that satisfies the applicable factors of section 8-70-115(1)(c) creates “a rebuttable presumption of an independent contractor relationship between the parties,” § 8-70-
115(2), if the document also contains the disclosure specified in 
7 section 8-70-115(2). See § 8-70-115(1)(d) (“A document may satisfy the requirements of paragraph (c) of this subsection (1) if such document demonstrates, by a preponderance of the evidence, the existence of such factors listed in subparagraphs (I) to (IX) of paragraph (c) of this subsection (1) as are appropriate to the parties’ situation.”). Such disclosure must appear “in type which is larger than the other provisions in the document or in bold-faced or underlined type” and must state that the worker “is not entitled to unemployment insurance benefits unless unemployment compensation coverage is provided by the independent contractor or some other entity, and that the independent contractor is obligated to pay federal and state income tax on any moneys paid pursuant to the contract relationship.” § 8-70-115(2). ¶ 13 But the putative employer can also establish that the worker is not an employee even in the absence of such a written document by satisfying a totality of the circumstances test. See Softrock, ¶ 2. That test “evaluates the dynamics of the relationship between the putative employee and the employer.” Id. The nine factors set forth in section 8-70-115(1)(c) are not an exhaustive list of considerations 
8 for purposes of the totality of the circumstances test. Softrock, ¶¶ 2, 10, 16-17. C. Discussion ¶ 14 In its opening brief, DES raises four issues: • Whether the Panel erred by concluding that the contracts between DES and the workers did not establish a rebuttable presumption that the workers were independent contractors. • Whether the Panel erred by deciding that the workers were not free from control and direction in the performance of their services or were customarily engaged in an independent occupation, profession, or business. • Whether the Panel applied the wrong legal standard in reviewing the hearing officer’s findings. • Whether the Panel’s decision was clearly erroneous because it is inconsistent with the hearing officer’s findings and the weight of the evidence. 1. Rebuttable Presumption ¶ 15 We begin with an analysis of DES’s argument that its contracts with the subject workers established the statutory rebuttable presumption that the workers were “engaged in an 
9 independent trade, occupation, profession, or business and [were] free from [DES’s] control and direction in the performance” of the services they provided to DES. § 8-70-115(1)(c), (2). ¶ 16 Under section 8-70-115(1)(c), a written document signed by both parties will evidence that the worker is engaged in an independent trade, occupation, profession, or business and is free from control in the performance of the service if the document shows that the person for whom services are performed does not: (I) Require the individual to work exclusively for the person for whom services are performed; except that the individual may choose to work exclusively for the said person for a finite period of time specified in the document; (II) Establish a quality standard for the individual; except that such person can provide plans and specifications regarding the work but cannot oversee the actual work or instruct the individual as to how the work will be performed; (III) Pay a salary or hourly rate but rather a fixed or contract rate; (IV) Terminate the work during the contract period unless the individual violates the terms of the contract or fails to produce a result that meets the specifications of the contract; (V) Provide more than minimal training for the individual; 
10 (VI) Provide tools or benefits to the individual; except that materials and equipment may be supplied; (VII) Dictate the time of performance; except that a completion schedule and a range of mutually agreeable work hours may be established; (VIII) Pay the individual personally but rather makes checks payable to the trade or business name of the individual; and (IX) Combine his business operations in any way with the individual's business, but instead maintains such operations as separate and distinct. § 8-70-115(1)(c). As noted above, to establish the statutory rebuttable presumption that the worker is an independent contractor, the written document must also contain the disclosure specified in section 8-70-115(2). ¶ 17 The hearing officer and the Panel determined that DES’s contracts did not satisfy all the applicable factors of section 8-70-
115(1)(c). Specifically, the hearing officer found that the contracts did not satisfy subparagraph (IV) because the contracts were terminable at will and did not meet subparagraph (VIII) because DES paid the workers personally. Additionally, the hearing officer found that DES’s contracts with the non-physicians did not meet 
11 subparagraph (III) because DES paid those employees in a manner equivalent to an hourly rate or salary. ¶ 18 The Panel agreed with the hearing officer that the contract terms did not meet subparagraph (IV) because they allowed for termination of the contract at will. The Panel also agreed with the hearing officer’s conclusion as to subparagraph (III) with respect to the non-physician contracts. Additionally, the Panel found the terms of DES’s contract with physicians did not meet subparagraph (I) (must not require exclusive work) because the contracts contained a noncompete clause. ¶ 19 Because the contracts did not comply with the applicable section 8-70-115(1)(c) factors, we agree with the Panel that the contracts did not create a rebuttable presumption that the workers were independent contractors. And because a putative employer’s compliance with the applicable factors of section 8-70-115(1)(c) and inclusion of the disclosure required by section 8-70-115(2) are necessary to create the rebuttable presumption, DES’s failure to meet the criteria of section 8-70-115(1)(c) renders it unnecessary for us to address the adequacy of the disclosure under section 8-70-
115(2). 
12 2. Control and Direction ¶ 20 But our analysis does not end here. We must also consider whether DES satisfied the two-part test of section 8-70-115(1)(b) based on the totality of the circumstances. Softrock, ¶¶ 2, 10, 16-
17. That analysis begins with an assessment of whether DES established that the workers were not under its control and direction. ¶ 21 The applicable statutes, Division regulations, and case law make clear that, when evaluating a putative employer’s control and direction over a worker, the fact finder must consider not only what is expressed in contractual language, but also the actual functioning relationship between the worker and the putative employer. § 8-70-115(1)(b); see also Dep’t of Lab. & Emp. Reg. 17.1.4.2, 7 Code Colo. Regs. 1101-2 (worker who signs a purported agreement to establish an independent contractor relationship can still be deemed an employee if the facts related to the work establish an employment relationship); Home Health Care Pros. v. Colo. Dep’t of Lab. & Emp., 937 P.2d 851, 854 (Colo. App. 1996) (noting that the ultimate issue is whether worker is, in fact, free from the putative employer’s control and direction). 
13 ¶ 22 Section 8-70-115(1)(b) places the burden of proof on the putative employer to demonstrate that the worker is free from its control and direction. See Long View Sys. Corp. USA v. Indus. Claim Appeals Off., 197 P.3d 295, 298 (Colo. App. 2008). If the employer fails to establish this component, an employment relationship exists for purposes of CESA. See Colo. Custom Maid, LLC v. Indus. Claim Appeals Off., 2019 CO 43, ¶ 14; see also Visible Voices, ¶ 11. ¶ 23 “In evaluating whether an individual providing services is free from direction and control, we consider the totality of the circumstances, focusing on whether the putative employer has a general right to control and direct the individual in the performance of the service.” Colo. Custom Maid, ¶ 14. “An ‘employer’s firm hand in controlling the details of the manner and method of job performance’ evinces an overall right to control the actions of an employee.” Id. (quoting Rent-A-Mom, Inc. v. Indus. Comm’n, 727 P.2d 403, 406 (Colo. App. 1986)). 
14 ¶ 24 The hearing officer found that most of the DES’s workers were under its control and direction in providing services.
2 The Panel affirmed that conclusion based on the following evidentiary findings: • DES had the contractual right to terminate the workers’ contracts for any reason. • The workers’ contracts precluded them, during the term of the agreement, from engaging in any business that competed with DES. • DES provided the workers with recommendations, tips, sample schedules, templates, and guides for how to complete the work. • DES directed and controlled the means and methods of performing the work by instructing the workers to smile and make eye contact and perform the work in an office that DES leased and operated. 2 The hearing officer found that the office assistants were free from direction and control. The Panel, however, disagreed. For the reasons stated infra, we need not address whether the Panel exceeded its proper scope of review by setting aside the hearing officer’s finding on this issue. 
15 • The medical assistants, technicians, and office assistants received training on how to use DES’s electronic systems and training about DDS’s requirements. • DES provided the physicians with tools in the form of a backup medical bag and laptop if they forgot their own tools. • DES provided the medical assistants with the tools necessary to perform their work, such as a blood pressure testing device. • The workers were paid in their own names, and DES required the workers to perform the services described in the contracts personally. • The workers did not employ anyone else to assist them in completing their work for DES. • The workers did not have a business card, business phone, business name, or any other trappings of a business. • DES’s contracting process resembled a traditional employee hiring process, and DES advertised its need for workers online. • Applicants contacted DES to indicate their interest in performing services for DES and submitted resumes, and DES then communicated with the applicants to determine if they 
16 had the education, skills, and experience necessary to perform the work. • The workers did not have a financial investment in any business such that they might suffer a loss if their business failed. ¶ 25 On appeal, DES argues that simply because the contracts were subject to termination at any time is insignificant because the “examinations are brief” and “the physicians, medical technicians, and assistants may decide whether they want to work for DES again.” But the Panel specifically addressed this argument, explaining that “discharging a worker without liability is an instance of control over the way she or he performs the work because the threat of discharge emphasizes the company’s ultimate ability to determine the direction of the work.” This determination is consistent with the Colorado Supreme Court’s holding that the power to terminate a contract for personal service at any time, without liability, is an important factor in determining whether the individual is free of control and direction, because the right immediately to discharge “involves the right of control.” Allen Co. v. Indus. Comm’n, 762 P.2d 677, 680-81 (Colo. 1988) (quoting Indus. 
17 Comm’n v. Bonfils, 78 Colo. 306, 307-08, 241 P. 735, 735-36 (1925)). ¶ 26 DES contends that the hearing officer applied a more stringent test than the law requires to “establish all, or nearly all, of the factors” in section 8-70-115(1)(c). We disagree. The hearing officer used the factors in that section as a framework to analyze the evidence. This approach is consistent with Division regulations providing that hearing officers should consider “the nine factors enumerated under § 8-70-115, as well as any other relevant factors.” Dep’t of Lab. & Emp. Reg. 17.1.2, 7 Code Colo. Regs. 1101-2; see also Softrock, ¶ 17. Accordingly, we find no error in the Panel’s conclusion that the workers were not free from DES’s control and direction. 3. Independent Business ¶ 27 The Panel disagreed with the hearing officer’s finding that the workers were not customarily engaged in an independent trade, occupation, profession, or business related to the service performed. We need not address this prong of section 8-70-115(1)(b), however, because we have upheld the finding that DES did not meet its burden on the “control and direction” element 
18 of this section. SZL, Inc. v. Indus. Claim Appeals Off., 254 P.3d 1180, 1184 (Colo. App. 2011) (declining to address the control and direction element because the putative employer did not meet its burden regarding the independent business element). 4. Other Arguments ¶ 28 We reject DES’s remaining arguments on appeal that the Panel applied the wrong standard in reviewing the hearing officer’s findings and that the Panel’s determination is erroneous as a matter of law. The relevant analysis is whether DES presented sufficient evidence to establish a rebuttable presumption that the workers were independent contractors, thereby shifting the burden of proof. See Softrock, ¶ 1. We conclude that it did not. DES then had the burden of proving its workers were independent contractors under the totality of the circumstances test. Because the Panel properly applied the law and the findings of fact support its conclusion, we will not disturb its order. See Allen, 762 P.2d at 680 (holding that the Panel’s decision should not be disturbed if it is supported by substantial evidence). III. Disposition ¶ 29 The Panel’s order is affirmed. 
19 JUDGE LIPINSKY and JUDGE GRAHAM concur.