523 P.2d 164 (1974)
Aurellus L. SCHULTZ, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado, and Kenneth E. Forsberg, Respondents.
No. 73-309.
Colorado Court of Appeals, Div. I.
May 29, 1974.
*165 William A. Brenker, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission.
Williams, Trine & Greenstein, P.C., LeRoy D. Warkentine, Boulder, for respondent Kenneth E. Forsberg.
Selected for Official Publication.
PIERCE, Judge.
Claimant, Schultz, seeks review of a determination by the Industrial Commission that he was not an employee of respondent Forsberg at the time that Schultz was injured in an industrial accident, and that, therefore, Schultz was not entitled to workmen's compensation benefits. We reverse and remand for further findings.
In July of 1971, Forsberg, a businessman in the electronics field, entered into an oral contract with Schultz, an experienced carpenter, regarding the framing and enclosing of the walls and roof of Forsberg's personal residence. Although there was a dispute in the evidence, there was testimony that Schultz agreed to do the work for $9.50 an hour, not to exceed the total of $1500, and to complete the job by a specified date. Out of that sum, he was to pay any persons he hired to assist him. The arrangement also specified that Schultz was to work from an architect's plan. He was not otherwise controlled in the performance of his work, except that Forsberg did act as an intermediary between Schultz and the architect on occasion. Schultz provided his own tools for the job and attended to the filing of reports and withholding of wages for tax purposes for himself and his employees. The work lasted more than ten consecutive working days.
Schultz employed one of his sons to help him with the construction and when the boy had to leave the job to go to scout camp, Schultz hired another individual to take his place. From time to time, Forsberg assisted Schultz, but did not control the manner in which the work was done. On one occasion, another son of Schultz, age 9, was paid $4.50 by Forsberg for some incidental work done on the property. On July 30, 1971, Schultz suffered an injury while working on the job.
Subsequently, he filed for workmen's compensation benefits, asserting that Forsberg was an employer under, either (A) C.R.S.1963, 81-9-2(1) & (2), which is directed at an independent contractor relationship, or (B) 1971 Perm.Supp., C.R.S. 1963, 81-2-6, which deals with the usual master-servant relationship. The Commission ruled that Forsberg was not an employer under either statute.

I
The ruling of the Commission assumes that both of these statutory provisions may be applied in this case. This assumption is incorrect.
If the relationship between Forsberg and Schultz is that of the usual master-servant variety, then Forsberg's workmen's compensation liability is determined by analyzing the factual situation in terms of the statutory inclusions and exclusions stated in 1971 Perm.Supp., C.R.S.1963, 81-2-6. If, on the other hand, Schultz is determined to be an independent contractor, then Forsberg has no workmen's compensation liability for Schultz's injuries, unless, by operation of the contracting out provisions *166 of C.R.S.1963, 81-9-2(1) & (2), Forsberg may be "deemed" to be an "employer" for purposes of the Act.
The Commission considered both sections of the statute and determined that, under either section, there was no liability. We rule that to be error. As discussed below, we agree that if Schultz is an independent contractor, Forsberg has no liability; however, if Forsberg and Schultz entered an ordinary master-servant relationship, then we would rule Forsberg to be liable for benefits under the provisions of Article 2 of the Act.
Thus, the determination as to whether the relationship was that of "independent contractor" or "master-servant" is critical to a resolution of the claim. See generally 1A A. Larson, Workmen's Compensation, § 43.20.
The determination of the proper characterization of the employment relationship depends upon the facts in each case. Brush Hay & Milling Co. v. Small, 154 Colo. 11, 388 P.2d 84; Industrial Commission v. Hammond, 77 Colo. 414, 236 P. 1006. The Commission made no findings on this issue, and its other findings are not specific enough with respect to the relevant factors to substantiate the necessary legal conclusion. See Brush Hay & Milling Co. v. Small, supra. This determination must properly be made by the Commission rather than this court, even though the facts are largely undisputed, because this matter is not within our scope of review. National Labor Relations Board v. Hearst, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170; K. Davis, Administrative Law § 30.05. See Cleaners Union v. Sunnyside, 146 Colo. 31, 360 P.2d 446, and Dorsch v. Industrial Commission, Colo.App., 518 P.2d 954, cert. granted, Feb. 25, 1974.
Hence, the order must be set aside and the cause remanded for appropriate findings on this issue. For purposes of clarity, we discuss below the proper analysis of the relevant statutory provisions.

II
Claimant argues that the Commission erred in finding that Forsberg could not be deemed to be an employer under the contracting out provisions of the Act. We disagree.
The Commission found that the factual prerequisites of C.R.S.1963, 81-9-2, were not present because claimant failed to show that he "hired or used four or more employees or workmen," including himself, on the job. The record indicates that the parties anticipated only the regular presence of Schultz and one assistant for the duration of the project. Assuming that one could include Forsberg and the 9-year-old boy, the fact that on one day four people actually worked does not bring the employment within this statute. See Norton v. Edwards, Colo.App., 518 P.2d 294. Thus, if Schultz is determined, upon remand, to be an independent contractor, Forsberg is not liable for Schultz's claimed benefits.

III
The Commission determined that Forsberg is not an "employer" within the meaning of 1971 Perm.Supp., C.R.S.1963, 81-2-6. We disagree with that determination.
1971 Perm.Supp., C.R.S.1963, 81-2-6 provides as follows:
"Employer.(1) The term "employer" shall mean and include:
. . . . . .
"(3) Every person ... who has one or more persons engaged in the same business or employment, except as otherwise expressly provided in this chapter, in service under any contract of hire, express or implied ...."
The Commission found that Forsberg was not an employer under this section because Schultz was not in the electronics business as was Forsberg. This is a misconstruction of the statute.
Prior to its amendment in 1971, the statute referred to every person who has "four or more persons engaged in the same *167 business or employment ...." C.R.S. 1963, 81-2-6(3). The amendment changed the number to "one or more," but did not change the "same business" language. We conclude that, prior to the amendment, "same employment" referred to the employment of the "four or more persons." The words "same business or employment" in this section do not refer to the business of the employer. There is no discernible legislative intent in either version of the statute which would require that the employment of the employee be the same as that of the employer. The "same employment" language in the 1971 version is, therefore, superfluous.
Furthermore, contrary to the Commission's holding, the exclusion set forth in 1971 Perm.Supp., C.R.S.1963, 81-2-6(4) is not applicable to the circumstances at issue. That exclusion provides as follows:
"This chapter is not intended to apply... to employers who employ not more than three employees for a period not exceeding ten consecutive working days to do maintenance, repair, remodeling, yard, lawn, tree or shrub planting or trimming, or similar work about the private home of the employer ...." (Emphasis added.)
The Commission held that this section excluded Forsberg because the employment did not involve "more than three employees." (See Part II supra.) However, this conclusion ignores the second exclusionary requirement that the employment be for less than "ten consecutive working days." The record shows that the parties contemplated that the job would last more than ten consecutive working days and that in fact, the accident occurred more than ten working days after the commencement of the work. Thus, even though less than four employees were involved, this section does not exclude Forsberg from the general definition of an employer.
Accordingly, if, under appropriate case law, the employment relationship is determined to be a master-servant relationship, then, pursuant to 1971 Perm.Supp., C.R.S. 1963, 81-2-6(3) & (4), Forsberg will be liable for claimant's workmen's compensation benefits.
The order is set aside and cause remanded for further findings of fact and appropriate conclusions of law as to whether an "independent contractor" or "master-servant" relationship existed between Forsberg and Schultz, and for entry of an appropriate order not inconsistent with that finding.
SMITH and RULAND, JJ., concur.