PORTA–PACIFIC, Petitioner,

v.

Frederick SMITHERS, Fred Burr, Susan C. Black, Frederic D. Gray and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 88CA1495.

Colorado Court of Appeals, Div. III.

June 29, 1989.

Rehearing Denied July 20, 1989.

Certiorari Denied Oct. 2, 1989.

Tilly & Graves, P.C. and David M. Setter, Denver, for petitioner.

Norton Frickey & Associates, P.C. and Cynthia M. Pinter, Lakewood, for respondent, Frederick Smithers.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent, Industrial Claim Appeals Office.

No appearance for respondents Fred Burr, Susan C. Black and Frederic D. Gray.

Opinion by Judge NEY.

Porta–Pacific Corporation (Porta–Pacific) seeks review of the final order of the Industrial Claim Appeals Office (Panel) insofar as it affirmed the finding of the Administrative Law Judge (ALJ) that Porta–Pacific was the statutory employer of Frederick Smithers (claimant) and, thus, was liable for benefits awarded to claimant. We affirm in part and reverse in part.

Claimant was injured in October 1985, while performing repair work on a warehouse co-owned by Porta–Pacific. The owners of the warehouse had contracted with Fred Burr to perform the work. Burr, in turn, asked claimant to assist him.

While Burr testified that he and claimant were "partners," other testimony by Burr and the claimant revealed that Burr had his own business and furnished the truck, tools, and materials used for the jobs he shared with claimant. Burr testified that he and claimant would separately obtain jobs, share the work, and split 80 percent of the proceeds as wages, with the remaining 20 percent covering his tools and truck.

Porta–Pacific, as tenant-in-common with respondents Susan Black and Frederic D. Gray, owned a 20 percent interest in the warehouse. Black and Gray, however, were excluded from liability for claimant's injuries under § 8–48–102(3), C.R.S. (1986 Repl.Vol. 3B) because there was no evidence that they had expended more than $2,000 for repairs to property in the calendar year 1985.

## I.

Porta–Pacific first contends that claimant was Burr's partner, not his employee. If this were the case, since Burr did not have any other employees, Porta–Pacific would not be liable as a statutory employer under § 8–48–102(1), C.R.S. (1986 Repl.Vol. 3B). However, we disagree with this contention.

The determination of the proper characterization of the employment relationship is a question of fact to be made by the ALJ. *Schultz v. Industrial Commission*, 34 Colo.App. 122, 523 P.2d 164 (1974). Although the evidence concerning the relationship of Burr and claimant was in conflict, there was no evidence presented that claimant invested any money or efforts in Burr's business, or that claimant shared in any of the losses that Burr's business experienced. Therefore, although a partnership may exist even though there is no express agreement creating it, the absence of any evidence of an agreement here, together with the other evidence presented, supports the ALJ's finding that claimant was not Burr's partner. *See Yoder v. Hooper*, 695 P.2d 1182 (Colo.App.1984), *aff'd*, 737 P.2d 852 (Colo.1987).

## II.

Porta–Pacific also asserts the ALJ erred in holding that it was not excluded

from liability under § 8–48–102(3), C.R.S. (1986 Repl.Vol. 3B). Porta–Pacific argues that an appropriate interpretation of that section leads to the conclusion that only amounts expended by the owner on the property on which work is done is relevant. Consequently, it contends that the ALJ erred in considering amounts that had been spent on other properties owned by Porta–Pacific. It also asserts that the statute, as interpreted by the ALJ and the Panel, denies Porta–Pacific equal protection because it discriminates against landowners who own property in addition to the parcel on which a claimant is injured. We disagree.

Section 8–48–102(3), C.R.S. (1986 Repl. Vol. 3B) provides:

"Notwithstanding the provisions of subsections (1) and (2) of this section, articles 40 to 54 of this title shall not apply to the *owner of any real property* or improvements thereon who hires an individual for *work done on and to said property* or who *contracts out any work done on and to said property* to any contractor, subcontractor, or person who hires or uses employees in the doing of such work if said owner employs no other employees subject to articles 40 to 54 of this title and the work is not within the course of the trade, business, or profession of said owner and if *the amounts expended by the owner do not exceed the sum of two thousand dollars for any calendar year.*" (emphasis added)

A statute is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. It must also be construed to further the legislative intent evidenced by the entire statutory scheme. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986).

The purpose of the workmen's compensation act is to provide a remedy for job-related injuries, without regard to fault, to employees of uninsured contractors and subcontractors. *Finlay v. Storage Technology Corp.*, 764 P.2d 62 (Colo.1988) In order to fulfill this purpose, *Finlay* evaluated the "regular business" test and adopted a broad standard which takes into account the constructive employer's total business operation, including the elements of routineness, regularity, and the importance of the contracted service to the regular business of the employer.

Construing § 8–48–102(3) in light of its purpose, we conclude that the phrase concerning the expenditure of less than $2000 per calendar year applies to any and all property owned by an employer coming under the provisions of § 8–48–101, wherever such property is located.

The modifier, "on and to said property," while appearing several times throughout the section, was conspicuously omitted by the general assembly and *not* used to modify "owner" as used later in this phrase. In the absence of such express limitation, we conclude that it is appropriate to give a liberal construction to the section to accomplish its purpose of assisting injured workers and their families. *See Finlay v. Storage Technology Corp., supra.*

Nor do we perceive any denial of equal protection by virtue of the fact that not all classes of landowners are similarly affected by the exclusion, and in practice, some inequality results. *See English v. Industrial Claim Appeals Office*, 764 P.2d 386 (Colo.App.1988). The exclusion from liability of owners who expend less than $2000 in a calendar year on any and all property they own is reasonably related to the purpose of justly apportioning the financial impact of the obligations imposed on statutory employers.

Distinguishing "larger landowners" from "smaller landowners" is reasonable since "larger landowners" will more frequently and regularly contract out work to be done on their property to contractors, subcontractors, or persons who will have or use employees in the doing of such work. In addition, the importance of the contracted repair service to the regular business of the employer increases as the amount of property he owns, and thus the amount of work he contracts out, increases.

### III.

While we disagree with Porta–Pacific that the ALJ and the Panel incorrectly considered all the repair costs for all the

property it owned, nevertheless, we agree that the finding that Porta–Pacific expended more than $2,000 for work done to real property is not supported by the evidence.

A tenant-in-common is not an owner of the entire property and therefore he is only responsible to his co-tenant(s)-in-common for his *pro rata* share of expenditures made to preserve and protect the property. *See First National Bank v. Groussman*, 29 Colo.App. 215, 483 P.2d 398 (1971), *aff'd*, 176 Colo. 566, 491 P.2d 1382 (1971). Therefore, the ALJ erred when it attributed to Porta–Pacific the entire amounts spent for maintenance work on properties it. co-owned. Such allocation is both unfair and unreasonably related to the purposes of the workmen's compensation act. We conclude that the $2000 expenditure threshold of exclusion in § 8–48–102(3) is to be calculated on all property owned by the owner, irrespective of its location, in the *pro rata* share of ownership interest.

In addition, although the record reflects that Porta–Pacific owned a 10 percent interest in other Denver property and also had an interest in property located in Idaho Springs, there are no findings by the ALJ regarding Porta–Pacific's ownership interest in those properties or the proportionate amount it paid for repairs for the preservation or protection of such properties. Nor are there findings regarding Porta–Pacific's interest in, or its expenditures for, property it owned in Florida and in California.

Because we conclude that the ALJ improperly interpreted § 8–48–102(3) and excluded evidence regarding expenditures for repair of property outside Colorado, we set aside the order and remand for further proceedings, permitting the introduction of evidence of Porta–Pacific's interest in, and repair expenditures for, property it owns anywhere in proportion to its interest in such property.

CRISWELL and RULAND, JJ., concur.