No. 18,789.

ROY S. KLIPPING *v.* L. T. McCAULEY.
(354 P. [2d] 167)

Decided July 11, 1960.  Rehearing denied August 22, 1960.

Mr. EUGENE O. BIRD, for plaintiff in error.

Mr. ROBERT H. SCHAPER, Mr. JOHN S. SCHAPER, for defendant in error.

*En Banc.*

PER CURIAM.

THE parties are here in the same order they appeared in the trial court, and we shall so refer to them. Plaintiff sued to recover the sum of $728.00, alleged to have been charged and received by defendant in excess of lawful charges for the loan of $600.00 made by defendant to plaintiff. Defendant answered, admitting the loan transaction as alleged, but denied all other allegations of the second amended complaint. A written stipulation of the facts was filed by the parties, whereupon defendant moved to dismiss on the ground that the second amended complaint failed to state a claim for relief. The matter was submitted to the court for determination on the pleadings and stipulated facts, whereupon the court determined the matter on the merits, dismissed the complaint with prejudice, and dispensed with a motion for a new trial. The plaintiff is here by writ of error seeking reversal of the judgment.

The stipulated facts are substantially as follows: On April 28, 1950, the defendant McCauley loaned plaintiff Klipping $600.00, for which plaintiff executed a note in the sum of $700.00, with interest at 10% per annum, secured by a deed of trust. June 28, 1950, plaintiff executed and delivered to defendant a further note for $55.00 in consideration of the defendant having paid taxes on the property described in the deed of trust. The $55.00 note was payable August 15, 1950, provided for

8% interest per annum, but after maturity at the rate of 12% per annum compounded quarterly. The $700.00 note provided for 10% interest compounded quarterly after maturity.

On April 4, 1956, the plaintiff sold the property upon which the note and trust deed were given as security, and as a condition for the release thereof the defendant demanded and received from the plaintiff the sum of $1,328.00 in full payment of the two notes representing cash loans of $655.00. Both notes were marked paid, and the deed of trust, together with a request for the release thereof, were delivered to the plaintiff. In neither the pleadings nor the stipulation, nor in the oral argument before this court, was a breakdown of the allocation to principal, interest, or other accounting presented, justifying the exaction of $1,328.00 for the $655.00 actually loaned.

It is admitted that defendant had no license as a money lender under the 1913 Loan Act or the 1955 Consumer Finance Act.

The 1913 act provided, inter alia, that no person not licensed thereunder could charge for the loan or forbearance of any money a sum in excess of 1% per month interest, and that any person against whom an excess charge was made might recover against the lender treble the excess charged. In 1955 the 1913 act, so far as it relates to loans of less than $1500.00, was repealed and supplanted by the Consumer Finance Act, C.R.S. '53, 73-4-1 et seq. 73-4-3 provides:

"(1) No person shall engage in the business of making loans in amounts of fifteen hundred dollars or less and contract for, exact, collect or receive, directly or indirectly, on or in connection with any such loan, any charges, whether for interest, compensation, consideration or expense, which in the aggregate are greater than twelve per cent per annum, except as provided in and authorized by this article, and without first having obtained a license from the commissioner."

Subsection (3) of this section declares that any violation of the Act is a misdemeanor and further specifies: " * * * Any contract of loan in the making or collection of which any act shall have been done which violates subsection (1) of this section, shall be void and the lender shall have no right to collect, receive, or retain any principal interest or charges whatsoever."

The plaintiff claims that both notes, when executed, were invalid under the 1913 act, and that the payment exacted was illegal under the terms of the Consumer Finance Act of 1955, C.R.S. '53, 73-4-3 (Supp.), and that plaintiff is entitled to judgment for such overcharges in the sum of $673.00, the difference between the total of $655.00 loaned and the $1,328.00 collected.

Defendant contends that the promissory notes, when made, were lawful contracts under the 1913 Loan Law and defendant had a vested right therein. He urges that to apply the 1955 act to the situation before us would be to contravene constitutional provisions, prohibiting impairment of the obligation of contracts.

*Waggener v. Motor Co.*, 130 Colo. 294, 300, 274 P. (2d) 968, a case very similar in principle to the one at bar, considered the validity of notes where the lender had no license and interest and charges in excess of that allowed by law were charged and collected, and the court there held that "valid contracts may not arise out of transactions forbidden by law. * * * The illegality inhering at the inception of such contract taints them throughout and effectually bars enforcement."

In *Waggener v. Motor Co.* the court also approved a declaration of public policy announced in *Waddell v. Traylor*, 99 Colo. 576, 64 P. (2d) 1273, in which, referring to the 1913 Loan Act, it was said: " 'The provision in the act, that treble the interest paid, if in excess of the rate specified, may be recovered, and that a violation of the act shall be a misdemeanor, amounts, we think, to a declaration of public policy *that a contract for payment*

*of interest in excess of the specified rates shall not be enforceable as to such excess. * * *.'* "

■ The notes here were, from their inception, unlawful under the 1913 loan law. The 1955 Act extends its bounty only to such loan transactions as were *lawfully* entered into prior to its effective date. Hence the constitutional prohibition against enactments impairing the obligation of contracts has no application, such prohibition extending only to contracts lawfully entered into.

"The contract clause of the constitution protects a 'contract' as the word is used in its ordinary meaning; in order to come within the scope of the clause, however, a contract must be valid in its inception." 16A, C.J.S. 12, §343.

The Consumer Finance Act of 1955, C.R.S. '53, 73-4-19 (2) (Supp.), provides:

"Nothing herein contained shall be so construed as to impair or affect the obligation of any contract of loan between any person and any borrower which was *lawfully* entered into prior to the effective date of this article." (Emphasis supplied.)

■ The foregoing facts and the applicable law lead to the following conclusions: These notes, when made, were illegal and invalid under the 1913 Loan Act, and the illegality continued until the date of their discharge. The defendant McCauley did not have a vested right to collect the full amount according to the terms of the notes — the law not putting a premium on illegal acts or behavior. When the $1,328.00 was exacted in 1956 to discharge the $655.00 loan represented by these notes, the 1955 act was in effect and the defendant McCauley, in connection with this loan, ran headlong into its provisions when he did thereby "exact, collect," and "receive" in any contract of loan in the "making or *collection of which any act shall have been done* which violates subsection (1)." The aggregate of his exactions being in excess of 12% per annum, he had "no right to

collect, receive, or retain any principal interest or charges whatsoever."

In view of our conclusion, other points urged in the briefs and arguments need not be considered. The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff Klipping and against the defendant McCauley in the sum of $673.00 and costs.

MR. JUSTICE DAY not participating.