**WEITZEL REDI–MIX, INC., Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of Colorado, and Colorado Division of Employment and Training, Department of Labor and Employment, Respondents.**

No. 85CA1077.

Colorado Court of Appeals, Div. III.

July 10, 1986.

Isaac, Johnson and Alpern, Kenneth P. Myers, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondents.

BABCOCK, Judge.

Weitzel Redi-Mix, Inc. (Weitzel), seeks review of a final order of the Industrial Commission which held it liable to pay unemployment compensation taxes as the employer of the drivers of its concrete delivery trucks. We affirm.

Weitzel operated a concrete batch plant from which it delivered concrete by truck to building sites. At one time Weitzel contracted with a trucking firm for the delivery of its concrete. When the trucking company went out of business in 1983, Weitzel bought its trucks and "inherited" the drivers who had been employed by the trucking company. Weitzel treated these drivers as employees until September 1983 when each driver, as a condition of continuing to drive for Weitzel, was required to sign a contract which purported to create an independent contractor relationship between the parties.

The Commission found that Weitzel's drivers were not free from the direction and control of Weitzel and that the drivers were not customarily engaged in independent businesses of a similar nature to that of Weitzel. The Commission concluded that, pursuant to § 8-70-103(10)(a), C.R.S. (1985 Cum.Supp.), the drivers were in covered employment and that Weitzel, therefore, was liable to pay unemployment compensation taxes.

On review Weitzel first contends that there was insufficient evidence to support the findings of the Commission. We disagree.

■ The determination of the proper characterization of the employment relationship depends on the facts in each case. *Schultz v. Industrial Commission,* 34 Colo.App. 122, 523 P.2d 164 (1974). The Industrial Commission is the ultimate trier of fact, and review is limited to a determination whether there is sufficient compe-

tent evidence to support the Commission's findings. *Samsonite Corp. v. Industrial Commission,* 665 P.2d 1037 (Colo.App. 1983). Here, there is substantial evidence in the record to support the findings of the Commission, and thus, they are binding on review. *Auto Damage Appraisers, Inc. v. Industrial Commission,* 666 P.2d 1113 (Colo.App.1983).

■ Weitzel also argues that § 8-70-103(10)(a)(I) and (III), C.R.S. (1985 Cum. Supp.) is unconstitutional as an impairment to the obligation of its contracts in violation of U.S. Const. art. I, § 10, and Colo. Const. art. II, § 11. We conclude that, pursuant to *Industrial Commission v. Board of County Commissioners,* 690 P.2d 839 (Colo.1984), we have jurisdiction to address this constitutional challenge to the statute and conclude further that the statute is constitutional.

A statute is presumed to be constitutional, and the party challenging the statute bears the burden of proving it to be unconstitutional beyond a reasonable doubt. *Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822 (Colo.1982). The constitutional proscription against impairment to an obligation of contract protects a "contract" as the word is used in its ordinary meaning. *Klipping v. McCauley,* 143 Colo. 444, 354 P.2d 167 (1960). The legal interpretation and effect of a contract is a question of law. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo. 1981). Even though a contract may be framed to suggest the existence of an independent contractor and not an employer-employee relationship, that fact alone is not dispositive of the nature of the relationship. *Diamond Circle Corp. v. Blocher,* 691 P.2d 769 (Colo.App.1984). What is done under such contract is more significant than what the contract says. *Diamond Circle Corp. v. Blocher, supra.*

Here, the language used in the contracts between Weitzel and its drivers are but one factor in the determination of the true relationship between Weitzel and its drivers. Substantial evidence supports the Commission's findings that Weitzel's drivers were

not free from its control as required by § 8–70–103(10)(a)(I), C.R.S. (1985 Cum. Supp.) and were not customarily engaged in independent businesses as required by § 8–70–103(10)(a)(III), C.R.S. (1985 Cum. Supp.).

Furthermore, an employer may not circumvent the intended protection afforded by the Employment Security Act by means of a contract that would place in jeopardy the security of employees who, as here, receive substantially all of their compensation through services rendered to the employer. *See Auto Damage Appraisers, Inc. v. Industrial Commission, supra.* Accordingly, we perceive no abrogation of the constitutional provisions concerning the sanctity of contracts in the ruling of the Industrial Commission.

Order affirmed.

VAN CISE and KELLY, JJ., concur.