JACKSON CARTAGE, INC., Petitioner,

v.

William E. VAN NOY, and the Industrial Commission of the State of Colorado, Respondents.

No. 86CA0966.

Colorado Court of Appeals, Div. III.

April 9, 1987.

Law Office of Nancy P. Bigbee, Nancy P. Bigbee, Karen A. Adams, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz-Hernandez, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

Petitioner, Jackson Cartage, Inc. (JCI), seeks review of an order of the Industrial Commission finding that work performed by William E. Van Noy was covered employment under the definition of that term in § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B) of the Employment Security Act and that, accordingly, JCI was liable for unemployment compensation taxes for him. We affirm the order.

JCI asserts that Van Noy was an independent contractor, and that JCI is not subject to unemployment compensation tax liability for him by virtue of §§ 8–70–103(10)(a)(I) and (III), C.R.S. (1986 Repl. Vol. 3B). These sections exempt from the definition of "employment" individuals who are free from control and direction in performing services *and* who are customarily engaged in an independent business related to the service performed.

The determination whether an employer has met its burden of proving the conjunctive requirements of § 8–70–103(10)(a)(I) and (III) is a question of fact, and the Commission's order may not be set aside if there is substantial evidence to support it. *Rent-A-Mom, Inc. v. Industrial Commission,* 727 P.2d 403 (Colo.App.1986). Here, we find evidentiary support in the record for the Commission's order.

Petitioner is in the business of hauling goods for hire both for interstate commerce as well as within the state. The company is divided into two main divisions, one of which transports air freight between the airport and local destinations, and the other which hauls loads in interstate commerce.

Van Noy worked for JCI under an "independent contractor agreement" which states that the parties intend to create an independent contractor—employer relationship by the contract. However, in determining whether one is acting under the control of another for the purposes of § 8–70–103(10)(a), we are primarily concerned with what is *done* under the contract and not with what the contract says. *Diamond Circle Corp. v. Blocher,* 691 P.2d 769 (Colo.App.1984).

Despite the language of the contract, the evidence reveals that JCI exerted more control over Van Noy than that required under government regulations. JCI paid Van Noy a salary, furnished him a vehicle, a uniform which he was required to wear, and all other equipment necessary for his job. JCI determined the routes and areas Van Noy was to cover, instructed him about methods of doing his job, and provided all the customers.

As to the other requirement for exemption, there was no evidence presented to prove that Van Noy was customarily engaged in an independent business relating to driving services. Van Noy's contract itself states that Van Noy must devote his whole time, energy, and attention to the performance of his duties under the contract. Also, Van Noy testified that he was required to work twelve hours a day for JCI, which left no time to engage in any other work as an independent contractor.

The federal case law cited by petitioner is not persuasive; the term "employment" as used in § 8–70–103(10)(a) includes a broader concept of employment than the common law doctrine embodied in federal law. *Wagner & Sons Construction, Inc. v. Pagels,* 720 P.2d 987 (Colo.App.1986).

JCI asserts that any findings of the Commission extending its decision on Van Noy's status to workers "similarly situated" should be held invalid as unsupported by evidence in the record. JCI states that Van Noy's name was not included on any of the relevant Division of Employment forms completed by JCI for each of its four categories of employees, and that no evidence was submitted that any workers were similarly situated to Van Noy. JCI also argues that § 8–70–103(10)(a) is unconstitutionally vague as applied to it because the Commission has not given it adequate information about which contractors are included within the scope of its decision so as to enable the company to pay the appropriate taxes. We disagree with these contentions.

The elements of control which JCI exerted over Van Noy and the lack of any independent driving business in which he might customarily be engaged were the basis of the Commission's decision, and that decision properly includes within its scope all workers for whom these conditions of control apply. The Commission's decision was not and need not be directly tied to any person listed on a particular form.

Order affirmed.

VAN CISE and CRISWELL, JJ., concur.