David LOCKE, Petitioner,

v.

Yvonne LONGACRE and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 88CA0739.

Colorado Court of Appeals, Div. V.

March 16, 1989.

Kelly, Stansfield & O'Donnell, Marla S. Petrini, Denver, for petitioner.

Colorado Rural Legal Services, Nancy L. Wallace, Cynthia M. Hartman, Fort Collins, for respondent Yvonne Longacre.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Karen E. Leather, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

HUME, Judge.

David Locke seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held him liable to pay unemployment compensation taxes as the employer of claimant, Yvonne Longacre. We affirm.

Claimant, a licensed practical nurse, entered into an agreement with Locke to provide substantial home care and limited nursing services for Locke's mother. The agreement purported to create an independent contractor relationship between claimant and Locke. Pursuant to the contract, claimant provided 24–hour, 7–day-a-week care for Locke's mother from April 1983 to April 1986. During that time, she per-

formed similar services for a neighbor on one occasion for approximately one week.

A hearing officer found that Locke had no control or direction over the claimant's work situation and the requirement of § 8–70–103(10)(a)(I), C.R.S. (1986 Repl.Vol. 3B) therefore was satisfied. The hearing officer further found that, as a licensed practical nurse, claimant was a professional who was engaged in private duty nursing rather than being an employee of an individual or organization, and that she had contracted to provide certain services for certain compensation pursuant to the written agreement. Accordingly, the hearing officer concluded that the contractual relationship between Locke and claimant met the requirements of § 8–70–103(10)(a)(III), C.R.S. (1986 Repl.Vol. 3B). Consequently, the hearing officer found that claimant was an independent contractor and not a covered employee of Locke for purposes of the Colorado Employment Security Act.

On appeal, the Panel reversed the hearing officer's decision, finding that it was contrary to the weight of the evidence. Citing evidence that even though claimant was a licensed practical nurse, she performed services almost exclusively for Locke for approximately three years, the absence of evidence that claimant had customarily sought other similar work during that time, and the testimony of claimant that she would have been unable to accept similar employment because of her responsibilities under her agreement with Locke, the Panel concluded that claimant was not engaged in a trade, occupation, profession, or business that was independent of her work relationship with Locke as required by § 8–70–103(10)(a)(III).

In this review proceeding, Locke contends that the Panel erred in rejecting the hearing officer's finding that claimant was customarily engaged in an independent trade, occupation, profession, or business related to the services she performed for Locke. We disagree.

Section 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 6B) provides: "[S]ervice performed by an individual for another shall be deemed to be employment...." unless it is shown that:

"(I) Such individual is free from control and direction in the performance of the service ...; and

(III) Such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed."

The determination whether a claimant is an employee covered by the Colorado Employment Security Act is a question of fact. The putative employer has the burden of proving the conjunctive requirements of § 8–70–103(10)(a)(I) and (III) before a determination can be made that an individual is not a covered employee. *Rent–A–Mom, Inc. v. Industrial Commission*, 727 P.2d 403 (Colo.App.1986).

Language in a contract that characterizes an individual as an independent contractor is not controlling. The primary concern is what is done under the contract and not what it says. *Insul–Lite Window & Door Manufacturing, Inc. v. Industrial Commission*, 723 P.2d 151 (Colo.App.1986). The facts of each case must be separately reviewed in making the determination of the status of an individual. *See Weitzel Redi–Mix, Inc. v. Industrial Commission*, 728 P.2d 364 (Colo.App.1986).

The Panel may reverse a decision of the hearing officer if it concludes that the findings of the hearing officer are contrary to the weight of the evidence. *Clark v. Colorado State University*, 762 P.2d 698 (Colo. App.1988). The determinations of the Panel are binding on this court if there is substantial evidence in the record to support them. *See* § 8–74–107, C.R.S. (1986 Repl.Vol. 3B); *Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App.1983).

Here, Locke argues that the statute does not require him to prove that claimant is actually engaged in providing similar service to another contemporaneously with the services provided to Locke's mother. He urges that since claimant was a professional nurse who had the potential to provide services for other individuals, but chose not to do so for personal reasons, the require-

ments of § 8–70–103(10)(a)(III) were satisfied. We disagree.

■ This court has consistently construed § 8–70–103(10)(a)(III) to require an employer to prove not only that a claimant is customarily established and engaged in an independent business, but also that the independent business is related to the services claimant is performing for the employer. Furthermore, to be "customarily" engaged in an independent business, a claimant must be engaged in the business venture at the same time claimant is providing the services for the employer. *See Rent–A–Mom, Inc. v. Industrial Commission, supra; Auto Damage Appraisers, Inc. v. Industrial Commission,* 666 P.2d 1113 (Colo.App.1983).

The policy behind this provision is to prevent an employer from circumventing the protection of the Colorado Employment Security Act by means of a contract which would place in jeopardy the security of employees who receive substantially all of their compensation through services rendered to one employer. *Weitzel Redi–Mix, Inc. v. Industrial Commission, supra.*

■ Thus, while simultaneous engagement in active performance of similar services to others need not be proven to have occurred on a hourly, daily, or weekly basis, nevertheless, actual and customary independent business or professional activity must be demonstrated by evidence. We conclude that the Panel properly determined that such evidence was lacking in this case.

Here, claimant contracted to perform services for Locke which required her to be available to his mother upon demand on a 24–hour continuous basis. The place of her performance was limited to the proximity of Locke's mother, either at her residence or at other locations determined by the mother's needs.

Consequently, the facts that claimant was a licensed practical nurse and that, at times, she might have sought other clients do not fulfill the requirements of § 8–70–103(10)(a)(III). To the contrary, we conclude there is substantial evidence in the record to support the Panel's determination that, at the time claimant was performing services for Locke, she was not engaged in a trade, occupation, profession, or business independent of, but related to, her work relationship with Locke. In fact, the evidence shows that the contract with Locke practically prohibited claimant's conduct of any independent profession or business.

Upon reviewing the record, we conclude there was substantial evidence to support the Panel's findings and conclusions, and we will therefore not disturb them on review. *See Allen Co. v. Industrial Commission,* 762 P.2d 677 (Colo.1988).

We find nothing in *Auto Damage Appraisers, Inc. v. Industrial Commission, supra, Threadworks, Inc. v. Industrial Commission,* 735 P.2d 886 (Colo.App.1986), or Rev.Rul. 61–196, 1961–2 C.B. 155, which are relied on by Locke, that persuades us to conclude otherwise. In *Auto Damage Appraisers, Inc. v. Industrial Commission, supra,* this court concluded that the requirement of § 8–70–103(10)(a)(III) had not been met. *Threadworks, Inc. v. Industrial Commission, supra,* was recently reversed by our supreme court *sub nom. Allen Co. v. Industrial Commission, supra.* And, the Internal Revenue Service, in Rev.Rul. 61–196, while discussing the status of registered and practical nurses, states that all factual data and circumstances, including whether the nurse's services were performed in the conduct of an independent trade, business, or profession, must be examined to determine whether a nurse is an independent contractor or employee. This analysis is consistent with our statutory scheme in § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B).

ORDER AFFIRMED.

METZGER and CRISWELL, JJ., concur.