In the Matter of the Claim of NATION-
AL CLAIMS ASSOCIATES,
INC., Petitioner,

v.

DIVISION OF EMPLOYMENT and the
Industrial Claim Appeals Office of the
State of Colorado, Respondents.

Nos. 89CA0678–89CA0680.

Colorado Court of Appeals,
Div. IV.

Dec. 7, 1989.

Law Office of Jeffrey L. Hill, Jeffrey L. Hill, Englewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael S. Serruto, Asst. Atty. Gen., Denver, for respondents.

Opinion by Judge HUME.

National Claims Associates, Inc., seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held National liable to pay unemployment compensation taxes as the employer of certain claims adjusters, medical benefits coordinators, and vocational rehabilitation counselors. We affirm.

National primarily provided claims adjusting services for insurance carriers. However, it additionally provided medical benefits coordination and vocational rehabilitation services for the insurance carriers and employers. National entered into oral contracts with three classes of workers to provide these services: claims adjusters, medical benefits coordinators, and vocational rehabilitation counselors. National considered the individuals to be independent contractors.

After hearings, various hearing officers found each of the classes of workers to be in covered employment and ordered National to pay unemployment compensation taxes. The Panel affirmed these orders on appeal.

## I.

### A.

National contends that the evidence does not support the findings and conclusions of the Panel that the claims adjusters and vocational rehabilitation counselors were in covered employment. We disagree.

Pursuant to § 8–70–103(10)(a), C.R.S. (1986 Repl.Vol. 3B), service performed by an individual for another is deemed to be employment unless the putative employer proves that the individual is free from control and direction in the performance of the service and that the individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed. The determination whether employer has met its burden of proving the conjunctive requirements of § 8–70–103(10)(a)(I) and (III), is a question of fact. *See Weld County Kirby v. Industrial Commission,* 676 P.2d 1253 (Colo. App.1983).

At the hearings, one person testified as the representative worker for the claims adjusters, and another person testified as the representative vocational rehabilitation counselor. The evidence shows that insurance carriers and employers referred cases to National. National then assigned the case or file to an appropriate worker. For any hour of service provided by a worker, National charged the carrier or employer an hourly rate plus reimbursable expenses plus overhead. National negotiated with the carrier or employer the hourly rate it charged for each class of worker.

The compensation structure for the workers was set by National. National paid the workers the equivalent of an hourly rate, which was computed by multiplying the number of hours a worker worked on a file times a percentage of the hourly rate billed to the carrier. The individuals submitted time and expense records, along with progress reports for the carrier or employer, to National. National billed the carrier or employer, who remitted payment directly to National. National paid its workers directly, usually twice a month.

National provided office space, furniture, equipment, clerical support, and forms for its workers. The workers represented themselves to the public as working for National and utilized National business cards. Additionally, the vocational counsel-

or testified that National exerted some control over her client visitation procedures and her office hours. In each case, both National and the worker had the right to terminate the relationship unilaterally without notice or liability.

■ After reviewing the record and considering the factors set forth above, we conclude there was substantial evidence to support the determinations that neither the adjuster nor the counselor were free from the control and direction of National. *See Allen Co. v. Industrial Commission,* 762 P.2d 677 (Colo.1988); *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* 103 Colo. 550, 88 P.2d 560 (1939).

■ We also conclude the evidence supported the determinations that neither the adjuster nor the counselor were customarily engaged in independent businesses related to the services they performed for National, as required by § 8–70–103(10)(a)(III).

The adjuster testified that he had worked for National for over three years. Until the last six months of his working relationship with National, he worked only for National and solicited business only through his working relationship with National. At the end of his National employment, he was a partner in a business which adjusted hail damage claims for one insurance company. He testified that the $1200 he earned from this business was used to supplement his National income, that he did not advertise the business, and that the business only survived about six months. When he left National, he went to work as a salaried employee for an insurance carrier.

Given this record, we conclude there was insufficient evidence to establish that the adjuster was customarily engaged in an independent business related to the services he performed for National. *See Locke v. Longacre,* 772 P.2d 685 (Colo.App.1989).

■ The vocational counselor testified that while she worked for National, she did not actively seek work from other companies, did not advertise her services, and represented herself as working for National on business calls. Although she did some work for a Florida rehabilitation counseling company, there was no evidence of the amount of time or work she provided the company. Consequently, the hearing officer properly concluded the counselor was not customarily engaged in an independent, related business. *See Locke v. Longacre, supra.*

Given this record, we find no error in the Panel's determination that the conjunctive requirements of § 8–70–103(10)(a) were not met as to the two persons who testified. Therefore, the Panel correctly concluded that the claims adjuster and all similarly situated adjusters and the vocational rehabilitation counselor and all similarly situated counselors were in covered employment.

## B.

■ National also contends that the evidence and findings do not support the conclusion that the medical benefits coordinators were in covered employment. We do not agree.

One person testified as the representative of medical benefits coordinators. She testified that she worked simultaneously for National Jewish Hospital and National while making the transition to working for National. Thereafter, she worked as a medical benefits coordinator solely for National. Although she solicited some clients directly, her services were performed under National's name, and she was paid the same regardless of whether she or National obtained the work. She utilized National's clerical staff and testified that she worked for National partly to avoid the overhead expenses of maintaining her own business.

The record supports the hearing officer's finding that the coordinator was not customarily engaged in an independent, related business. *See Locke v. Longacre, supra.* Given this determination, the Panel correctly concluded that it is unnecessary to consider whether the hearing officer properly found that the coordinator was not free from the direction and control of

National. *See Auto Damage Appraisers, Inc. v. Industrial Commission,* 666 P.2d 1113 (Colo.App.1983). Consequently, we find no error in the Panel's determination that the testifying medical benefits coordinator and all similarly situated coordinators were in covered employment.

## II.

Section 8–70–103(11)(*l*), C.R.S. (1986 Repl.Vol. 3B) exempts licensed real estate salesmen from the definition of employment under certain conditions. Section 8–70–103(11)(q), C.R.S. (1986 Repl.Vol. 3B) exempts certain insurance agents or solicitors. Because of these exemptions in the statute, National contends it is unconstitutional as applied here. National argues that the claims adjusters, medical benefits coordinators, and vocational rehabilitation counselors associated with it are similarly situated to the exempted agents and therefore it is a denial of equal protection not to exempt the three classes of workers associated with National. We disagree.

A statute is presumed to be constitutional and the party challenging it bears the heavy burden of proving it to be unconstitutional beyond a reasonable doubt. *Weitzel Redi–Mix, Inc. v. Industrial Commission,* 728 P.2d 364 (Colo.App.1986). The threshold inquiry in any equal protection claim is whether persons who are in fact similarly situated are subjected by some governmental act to disparate treatment. *Board of County Commissioners v. Flickinger,* 687 P.2d 975 (Colo.1984).

Here, the record contained no evidence comparing National's three classes of workers with the exempted sales agents. However, National argues that because the three classes of workers and the exempted sales agents are all licensed or regulated by the state, and are all paid on a commission basis, they are similarly situated. We do not agree. From the evidence in the record, we cannot find that the three classes of National workers are similarly situated to the exempted sales agents.

The nature and extent of the licensing and regulatory authority over every type of worker differs, and National has failed to show the similarities among the statutory and regulatory schemes. *See* §§ 10–2–101, et seq., C.R.S. (1986 Repl.Vol. 4A); §§ 12–38–101, et seq., and 12–61–101, et seq., C.R.S. (1985 Repl.Vol. 5); and § 8–49–102(3), C.R.S. (1989 Cum.Supp.).

Further, the remuneration paid the three classes of workers is equivalent to an hourly rate of pay and is directly related to the "number of hours worked" not to "sales or other output." *See* § 8–70–103(11)(*l*)(I), C.R.S. (1986 Repl.Vol. 3B). Additionally, none of the three classes of workers performs work pursuant to a written contract, as is required of the exempt real estate salesmen pursuant to § 8–70–103(11)(*l*)(II). Finally, the exempted workers are all particular types of sales persons, but the three classes of National workers at issue here provide direct and varied services to their clientele as opposed to selling a product such as real estate or insurance policies. Therefore, no similarity was shown in the nature of the work or services provided by the various workers.

The evidence in the record fails to demonstrate that the exempted sales agents and the three classes of workers are similarly situated, nor does it show that any arbitrary classifications are involved. Hence, National failed to meet its burden of proving the statute unconstitutional beyond a reasonable doubt. *See In re Claim of Woloson,* —— P.2d —— (Colo.App. No. 89CA0579, December 7, 1989); *cf. J.W. Tripp & Associates v. Industrial Claim Appeals Office,* 739 P.2d 245 (Colo.App. 1987).

Orders affirmed.

CRISWELL and NEY, JJ., concur.