**SPEEDY MESSENGER & DELIVERY SERVICE, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Colorado Department of Labor and Employment, Division of Employment, Respondents.**

**No. 04CA2689.**

Colorado Court of Appeals, Div. IV.

Dec. 29, 2005.

§ 24–51–1105, C.R.S.2005.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Bryan E. Kuhn, P.C., Jude T. Balsamo, Bryan E. Kuhn, Arvada, Colorado; Wesley A. McClure, Braintree, Massachusetts, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

John W. Suthers, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, Colorado, for Respondent Colorado Department of Labor and Employment, Division of Employment.

Opinion by: Judge RUSSEL.

Petitioner, Speedy Messenger & Delivery Service (Speedy), seeks review of an order of the Industrial Claim Appeals Office (Panel). We affirm.

## I. Procedural History

In 2003, the Division of Employment determined that Speedy was required to pay unemployment compensation taxes as an employer of certain couriers. Speedy protested, and the matter was referred to a hearing officer.

In August 2004, the hearing officer affirmed the division's determination. The officer first examined a written contract that purported to define the relationship between Speedy and the couriers. He found that this contract did not satisfy the criteria set forth in § 8–70–115, C.R.S.2005, and thus did not produce a rebuttable presumption of an independent contractor relationship. The hearing officer then found that the couriers were not free from Speedy's control and direction and were not customarily engaged in an independent trade or business as couriers. The officer thus concluded that Speedy was required to report the amounts that it paid to the couriers and pay taxes on those amounts.

Speedy appealed to the Panel.

In December 2004, the Panel affirmed the hearing officer's decision. The Panel concluded: (1) the hearing officer's factual findings were supported by substantial evidence in the record; and (2) the factual findings supported the hearing officer's determination that Speedy was required to report amounts paid to the couriers and pay unemployment compensation taxes on those amounts.

Speedy now appeals the Panel's decision.

## II. Governing Law

■ Under § 8–70–115(1)(b), C.R.S.2005, services performed by an individual for another are deemed to be "employment" unless the putative employer can demonstrate that (1) the individual is free from control and direction in the performance of the service, both under the contract, and in fact, and (2) the individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed. The statute places the burden of proof upon the putative employer to demonstrate that both conditions exist. *See Home Health Care Prof'ls v. Colo. Dep't of Labor & Employment,* 937 P.2d 851 (Colo.App.1996).

■ Section 8–70–115(1)(b) has been interpreted to mean that, although a worker may be sufficiently free from the control and direction of the putative employer so as to be classed as an "independent contractor" at common law, the worker may still be entitled to receive unemployment benefits. The requirement that the worker be "customarily engaged" in an independent trade or business is designed to assure that those whose income is almost wholly dependent upon continued employment by a single employer are protected from the vagaries of involuntary unemployment, irrespective of their status as servants or independent contractors under the common law. *See Home Health Care Prof'ls v. Colo. Dep't of Labor & Employment, supra; see also Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Office,* 859 P.2d 278 (Colo.App.1993).

There are two ways in which a putative employer may satisfy the "control and direction" and "independent trade" conditions of subsection (1)(b). The putative employer may present general evidence demonstrating both conditions. Alternatively, it may produce a written document that satisfies all the applicable factors set forth in § 8–70–115(1)(c), C.R.S.2005. *See Barge v. Indus. Claim Appeals Office,* 905 P.2d 25 (Colo.App. 1995); *see also* § 8–70–115(1)(d), C.R.S.2005 (document may satisfy the requirements of paragraph (1)(c) if it demonstrates, by a preponderance of the evidence, the existence of the factors that are appropriate to the parties' situation).

■ If the putative employer produces a written document that satisfies the applicable factors, it has met its burden of proving the

conditions. *See Home Health Care Prof'ls v. Colo. Dep't of Labor & Employment, supra.* Moreover, a document that satisfies the applicable factors will create a rebuttable presumption of an independent contractor relationship if it prominently discloses that (1) the independent contractor is not entitled to unemployment insurance benefits unless coverage is provided by the independent contractor or some other entity, and (2) the independent contractor must pay federal and state income tax on amounts paid pursuant to the contract relationship. *See* § 8–70–115(2), C.R.S.2005.

■ However, even if the putative employer satisfies its initial burden under § 8–70–115(1)(c) or establishes a rebuttable presumption of an independent contractor relationship under § 8–70–115(2), the ultimate issues remain the same. The trier of fact must determine (1) whether the worker is free from the direction and control of the employer; and (2) whether the worker is customarily engaged in an independent trade, occupation, profession, or business. *See Home Health Care Prof'ls v. Colo. Dep't of Labor & Employment, supra.*

### III. Discussion

Speedy argues that the Panel's order should be set aside on the basis of information contained in written documents and evidence produced through testimony. We consider and reject its arguments as follows.

### A. Written Documents

■ Speedy contends that its written contract created a rebuttable presumption of an independent contractor relationship. We disagree.

The hearing officer found that between March 2000 and October 2003, there "was no written document signed by the employer and the workers establishing an independent contractor relationship." The hearing officer further found that, although the parties signed a contract in October 2003, the contract did not contain all the disclosures required under § 8–70–115(2). Specifically, the contract failed to disclose that the couri-

ers, as independent contractors, were not entitled to unemployment insurance benefits.

Because the record supports the hearing officer's findings, we agree that Speedy was not entitled to the rebuttable presumption of an independent contractor relationship.

■ Speedy next argues that the hearing officer should not have based his determination solely on the October 2003 contract. It urges that the hearing officer should have considered information contained in three other documents: (1) an "Independent Contractor Application and Agreement (ICAA)"; (2) an "Independent Contractor Profile (ICP)"; and (3) a "Non–Back Solicitation Agreement (NBSA)." Had these documents been considered, Speedy argues, the hearing officer would have found that the written materials created a rebuttable presumption of an independent contractor relationship under § 8–70–115(2) and satisfied the applicable factors set forth in § 8–70–115(1)(c).

We reject Speedy's argument:

- Two documents—the ICAA and the ICP—do not qualify for consideration because they were not "signed by both parties" as required by § 8–70–115(1)(c). The documents are forms provided by the National Independent Contractors Association (NICA). To receive work from Speedy as "independent contractors," the couriers were required to join or affiliate with NICA. However, Speedy was not a party to the documents.

- The remaining document—the NBSA—does not contain the required disclosures under § 8–70–115(2). Nor does it establish any of the six statutory factors (out of the nine listed in § 8–70–115(1)(c)) that the hearing officer determined to have been missing from the October 2003 contract.

We therefore conclude that any possible error in failing to consider the three documents did not alter the propriety of the hearing officer's ruling.

### B. Testimony

The hearing officer determined that the couriers (1) were not customarily engaged in

a related independent trade or business, and (2) were subject to Speedy's control and direction. Speedy contests both of these determinations.

■ We conclude that the evidence supports the determination that the couriers were not customarily engaged in a related independent trade or business. Because this conclusion alone requires us to affirm the Panel's decision, we do not consider whether the evidence supports the determination that the couriers were under Speedy's control and direction. *See* § 8–70–115(1)(b); *Home Health Care Prof'ls v. Colo. Dep't of Labor & Employment, supra.*

To demonstrate that workers' services are not "employment," a putative employer must show that the workers are "customarily engaged in an independent trade, occupation, profession, or business related to the service performed." Section 8–70–115(1)(b).

■■ To be "customarily" engaged in an independent business, the workers must be engaged in the business venture at the same time they are providing the services for the putative employer. *See Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Office, supra; see also Locke v. Longacre,* 772 P.2d 685 (Colo.App.1989) (construing substantially similar predecessor to § 8–70–115(1)(b)). The performance of occasional or insubstantial services for others does not establish that a worker is customarily engaged in an independent trade, occupation, or business. *Carpet Exch. of Denver, Inc. v. Indus. Claim Appeals Office, supra.*

Here, the hearing officer found that, although some of the workers in question had outside business interests, the nature of those interests varied. The hearing officer further found that all or nearly all the courier work performed by the workers was performed for Speedy and that any other courier work performed was "negligible."

The record contains substantial evidence to support the hearing officer's findings:

- One courier maintained an outside business as a freelance photographer. This courier testified that he had not contacted other courier companies about delivery work, did not advertise, and did not have a business card other than for his photography business. He further testified that although he had provided delivery services to customers other than Speedy, it was "at random intervals" only once or twice per month.

- Another courier testified that he was an independent stock trader and entrepreneur while he worked for Speedy but did nothing related to the delivery business.

- Another courier testified that while working for Speedy, he maintained an independent business that developed and structured nonprofit organizations.

- Another courier testified that although he had intended to perform independent work as a courier, he never followed through on that intention. He testified that other than performing four deliveries for persons he described as "sort of friends," he had performed no deliveries for customers other than Speedy and made all his income from Speedy.

- Another courier testified that he had no business cards identifying him as a driver available for contract, did not advertise, did not work for other delivery services, and had no customers other than Speedy.

Because there is substantial evidence in the record to support the hearing officer's findings on this issue, they are binding on review. *See* § 8–74–107(4), C.R.S.2005; *Pero v. Indus. Claim Appeals Office,* 46 P.3d 484 (Colo.App.2002).

The order is affirmed.

Judge ROY and Judge CARPARELLI concur.